OPINION
Plaintiff Bessie Mayse appeals the judgment of the Union County Court of Common Pleas, granting a directed verdict in favor of defendant Joseph Conrad, the Administrator of Ohio's Bureau of Worker's Compensation.
Plaintiff's complaint alleged that she was injured in her workplace on or about November 13, 1995. Plaintiff filed an administrative claim for worker's compensation benefits, which was denied by the Bureau. Subsequent administrative appeals were also denied, and plaintiff appealed the denials to the Union County Court of Common Pleas. However, on April 18, 1997, plaintiff voluntarily dismissed her appeal pursuant to Civ.R. 41(A).
On April 8, 1998, plaintiff refiled the appeal. Discovery commenced, and on September 21, 1998, the trial court issued a scheduling order which states in relevant part:
 Plaintiff shall provide to Defendant and file a complete list of all lay and expert witnesses intended to be called at trial on or before Oct 10, 1998 [sic]. * * * * Failure to meet the deadlines established will result in the untimely or undisclosed witness not being allowed to testify.
On October 8, plaintiff served a copy of her witness list upon the defendant by regular mail and also sent a copy of the witness list to the defendant by fax. At oral argument, the defendant conceded that the fax was received that same date. Plaintiff also filed the witness list by mail, but the list was not received and file-stamped by the Union County Clerk of Courts until October 13, 1998. However, defendants did not object to the timeliness of the filing.
Discovery proceeded for another six months, and trial was eventually set for April 12, 1999. However, in a conference immediately prior to trial, the trial court sua sponte excluded all of the plaintiff's witnesses because her witness list had been filed three days after the deadline in the scheduling order. Defendant's counsel took no position as to the propriety of the trial court's action, but Plaintiff's counsel strenuously objected to the exclusion, pointing out that the defendant had not been prejudiced in any way and had in fact received the list prior to the deadline. Notwithstanding the exclusion, the case proceeded to trial. Plaintiff was permitted to testify on her own behalf and presented several exhibits to which defendant had stipulated, but was not permitted to call any other witnesses. At the close of plaintiff's case, the trial court sustained the defendant's motion for a directed verdict pursuant to Civ.R. 50(A). Plaintiff now appeals the trial court's decision, and asserts four assignments of error.
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' MOTION FOR A DIRECTED VERDICT BECAUSE IT MISGUIDEDLY FOUND THE PLAINTIFF'S INJURY WAS NOT RECEIVED IN THE COURSE OF, AND ARISING OUT OF, HER EMPLOYMENT.
 THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANTS' MOTION FOR DIRECTED VERDICT BECAUSE IT FOUND THE PLAINTIFF FAILED TO PROVIDE EXPERT MEDICAL TESTIMONY TO DEMONSTRATE TO A REASONABLE DEGREE OF MEDICAL PROBABILITY THAT SHE HAD SUFFERED AN INJURY ARISING OUT OF HER EMPLOYMENT.
 THE TRIAL COURT ERRED WHEN IT EXCLUDED ALL OF THE PLAINTIFF'S WITNESSES BECAUSE THE COURT FOUND THE PLAINTIFF VIOLATED THE CASE SCHEDULING ORDER BY ALLEGEDLY FAILING TO TIMELY FILE HER WITNESS LIST FOR TRIAL.
 THE TRIAL COURT ERRED WHEN IT DENIED THE PLAINTIFF'S MOTION FOR A DIRECTED VERDICT WHERE THE STIPULATED FACTS AND RECORDS DEMONSTRATED PLAINTIFF HAD SUFFERED INJURY IN THE COURSE OF HER EMPLOYMENT.
For purposes of judicial economy we will begin our analysis with plaintiff's third assignment of error, as we find it to be dispositive of this appeal. Plaintiff argues that the trial court incorrectly excluded her witnesses, because her witness list was in fact timely filed. Plaintiff's argument that the list was timely rests upon Civ.R. 6(A), which reads in relevant part:
 When a public office in which an act, required by * * * order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.
See also R.C. 1.14. In this case, the record reveals that the filing deadline set by the court's scheduling order was October 10, 1998. October 10, 1998 was a Saturday, and thus pursuant to Civ.R. 6(A) the list would be timely filed if filed on the "next succeeding day which is not a Saturday, a Sunday, or a legal holiday." October 11, 1998 was of course Sunday, and October 12, 1998 was "[t]he second Monday in October, known as Columbus day," a legal holiday. R.C. 1.14(G). Thus, plaintiff argues that the list was timely when filed on Tuesday, October 13, 1998.
We agree with plaintiff's construction of the rule. Moreover, even assuming that the list was filed three days late, we believe the trial court's decision to exclude all of plaintiff's witnesses was grossly out of proportion to any harm caused by the late filing in this case, where by all accounts the list was in the hands of defense counsel for some six months prior to trial. Under these circumstances, the exclusion completely prevented the plaintiff from developing her case and constituted an abuse of discretion. Cf., e.g., Rahm v. Hemsoth (1976), 53 Ohio App.2d 147,149.
However, defendant argues that the trial court properly granted its motion for directed verdict, and contends that the court's error in excluding plaintiff's witnesses was harmless. Defendant argues that plaintiff's proffer demonstrates that she had not planned to call any witnesses regarding the conditions of her employment, and urges us to find that the plaintiff's testimony standing alone fails to establish that that her injury was obtained in the course of her employment as a matter of law. However, our review of plaintiff's testimony indicates that at the very least there is a disputed issue of fact as to the extent of her employment duties that is capable of resolution by a jury. Moreover, we are not inclined to speculate as to what effect plaintiff's other witnesses may have on a jury's resolution of that disputed issue. We therefore reject defendant's argument, and sustain plaintiff's third assignment of error. Plaintiff's three remaining assignments of error are overruled as moot pursuant to App. R. 12(A)(1)(c). The judgment of the Common Pleas Court of Union County is reversed and this case is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
BRYANT, P.J., and HADLEY, J., concur.