**Benjamin COOPER, Plaintiff–Appellant,**

v.

**MORGAN KEEGAN & CO., INC., William H. Borders, and Chad Conner, Defendants–Appellees.**

No. 03–5856.

United States Court of Appeals, Sixth Circuit.

Sept. 7, 2004.

As Corrected Oct. 26, 2004.

Rehearing En Banc Denied Nov. 10, 2004.

Before CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

PER CURIAM.

Plaintiff, Benjamin Cooper, appeals from the judgment entered by the district court denying Plaintiff's motion to vacate an arbitration award, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–307, rendered by a panel of the National Association of Securities Dealers ("NASD"), which dismissed Plaintiff's seventeen-count complaint against Defendants, Morgan Keegan & Co., William Border, and Chad Conner, arising from all parties' involvement in an insider trading scheme. For the reasons that follow, the district court's judgment is AFFIRMED.

In 1997, Plaintiff's brother, James Cooper, met Benton Erskine ("Erskine") and John Freeman ("Freeman") in an internet chat room dedicated to securities trading. In the course of their communication, Freeman informed James Cooper and Erskine that he worked as a temporary employee at Goldman Sachs & Co., Inc. ("Goldman Sachs"), a major investment bank in New York. Freeman offered to pass the non-public information obtained in the course of his employment, relating to potential securities trades, to James Cooper and Erskine for the purpose of trading, in exchange for 10 percent of their profits, to which James Cooper and Erskine agreed.

James Cooper informed his brother, Plaintiff, of the non-public information he received from Freeman. Plaintiff brought the information to an acquaintance of his, Defendant Chad Conner, who was employed as an investment representative at Morgan Keegan's Bowling Green, Kentucky office. Plaintiff later opened a brokerage account with Defendants, and Defendant Conner served as his registered representative facilitating a majority of Plaintiff's trades. Plaintiff traded on information involving 14 of the 23 transactions about which Freeman provided inside information, and realized a profit of approximately $149,000. Defendant Conner worked directly under the supervision of Defendant William Borders ("Borders"), the branch manager of Morgan Keegan's Bowling Green office.

The Securities and Exchange Commission ("SEC") eventually exposed the insider trading scheme and pursued criminal and civil actions against Plaintiff and the other conspirators. Plaintiff pleaded guilty on October 20, 2000, to being a lead participant in an insider trading scheme. On March 21, 2001, in accordance with the terms of Plaintiff's Customer Account Agreement with Defendants, Plaintiff commenced a seventeen-count arbitration proceeding before the NASD against the Defendant Brokerage firm and its employees, seeking $15 million dollars in damages.

---

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

In Plaintiff's seventeen count arbitration proceeding, he claims that Defendant breached the fiduciary duty owed to Plaintiff by not advising him as to the true significance of the non-public information and the potential liability of conducting trades on the basis of the information.[1] Plaintiff asserts that he had no knowledge that insider trading was criminal. During the arbitration, Plaintiff asserted that Defendant Border denied using the information relayed by Plaintiff to independently trade for himself and other clients of the firm.

On March 22, 2002, after a four-day arbitration hearing, a three-member panel issued its award, dismissing Plaintiff's entire claim with prejudice. Plaintiff sought vacatur of the arbitration award in the district court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* On February 3, 2002, the district court entered a judgment denying Plaintiff's vacatur motion in its entirety. Plaintiff later sought reconsideration of the district court's decision, which the court denied on May 30, 2003. Plaintiff then filed this timely appeal.

This Court reviews a district court's legal conclusion to confirm or vacate an arbitration award *de novo*, and its factual findings for clear error. *Int'l Bhd. of Teamsters, Local 519 v. United States Postal Serv.*, 335 F.3d 497, 503 (6th Cir. 2003). Because great deference by federal courts is warranted when reviewing an arbitrator's decision, *Nationwide Mutual Insurance Co. v. Home Insurance Co.*, 278 F.3d 621, 625 (6th Cir.2002), and because this Court finds no error in the district court's judgment, we affirm the district court's denial of Plaintiff's motion to vacate the arbitration award for the reasons stated in the district court's order rendered on February 3, 2003. *See also National Post Office v. United States Postal Serv.*, 751 F.2d 834, 841 (6th Cir.1985) ("Arbitrators are not bound by formal rules of procedure and evidence, and the standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing.").

The district court properly held that Defendant "Border's decisions to invoke the Fifth Amendment at [Defendant] Conner's second criminal trial does not establish that he acted unlawfully, nor that he perjured himself at the arbitration hearing." Because it is improper for a court to permit an inference of guilt when the Fifth Amendment is invoked, the district court appropriately refused to utilize the invocation of the Fifth Amendment as evidence of an alleged fraud warranting vacatur of the arbitration award. *United States v. Clark*, 988 F.2d 1459, 1464 (6th Cir.1993). Additionally, the district court failed to find evidence that established Border's arbitration testimony to be false, as a basis upon which to vacate the arbitration award based upon fraud. *Int'l Bhd. of Teamsters, Local 519*, 335 F.3d at 503.

Moreover, Plaintiff failed to establish that the arbitration panel engaged in a manifest disregard of the law in deciding upon the arbitration award, *Dawahare*, 210 F.3d at 669, regardless of whether the Court accepts Defendant's defense of *in pari delicto*—a doctrine which denies recovery to a plaintiff who has participated

---

1. Plaintiff's complaint consists of allegations of a breach of fiduciary duty (Count I), violations of Section 10(b) and Rule 10b–5 (Count II), breach of duty to supervise (Count III), aiding and abetting securities fraud (Count IV), violations of NASD Rules (Counts V–VIII), violations of federal securities laws (Counts IX–X), violations of a Kentucky securities law (Count XI), fraud/constructive fraud (Count XII), negligence (Count XIII), negligent supervision (Count XIV), *respondeat superior* (Count XV), and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count XVI).

in "the same sort of wrongdoing" as defendants. *Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985).

Accordingly, based on our review of the record and for the reasons stated by the district court, the district court's judgment is AFFIRMED.