RAHM ET AL., APPELLANTS, v. HEMSOTH, APPELLEE█

[Cite as Rahm v. Hemsoth (1976), 53 Ohio App. 2d 147.]

(No. L-75-182—Decided January 9, 1976.)

Mr. Eden S. Feldstein, for appellants.

Messrs. Eastman, Stichter, Smith & Bergman and Mr. John T. Landwehr, for appellee.

WILEY, J. This is an appeal from an order of the Toledo Municipal Court sustaining defendant's motion to dismiss plaintiffs' complaint and defendant's motion to quash service of summons. Plaintiffs filed their action in Municipal Court on Monday, May 5, 1975, claiming damages arising out of an automobile accident occurring on May 3, 1973. The application of Civil Rule 6(A) would have allowed plaintiffs to file their action on May 5th. It is the contention of the defendant-appellee that R. C. 1.14, rather than Civil Rule 6(A), is to be used in conjunction with statutes limiting the right to bring a civil action and that this statute does not extend the period for bringing such an action to the following Monday when the last day falls on a Saturday.

Civil Rule 6(A) provides, in part:

"In computing any period of time prescribed or allowed * * * by any applicable statute, * * * [t]he last day of the period * * * shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

The relevant paragraphs of R. C. 1.14 read:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not Sunday or a legal holiday.

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section."

Civil Rule 6(A) and R. C. 1.14 are in *pari materia* and should be construed together so as to render their contents operative and valid. 50 Ohio Jurisprudence 2d 189, Statutes, Section 216 *et seq.* We do not find Civil Rule 6(A) to be in conflict with R. C. 1.14; rather, we find that when the statute and rule are read together the period for commencing an action under R. C. 1.14 is extended to the first full work day when the last day of the statutory period falls on Saturday.

The Supreme Court of Ohio has construed R. C. 1.14 similarly in *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185. Chief Justice Taft, speaking for the unanimous court, said at page 188:

"* * * [W]e believe that Section 1.14, Revised Code, and especially the addition of the second paragraph thereto in 1961 (129 Ohio Laws 1073) indicate a general legislative intention that 'the last day for' doing an act required by law shall be a full work day."

This construction of R. C. 1.14 is in line with a ma-

jor purpose of the Modern Courts Amendment of the Ohio Constitution—to provide for a uniform procedure in all judicial tribunals.[2]

That a statute of limitations on commencing an action is involved in the case at hand, whereas a statute limiting the time for filing an application for reconsideration of an administrative decision was involved in *Van Meter, supra,* does not compel a different conclusion. A statute of limitation, like the statute construed in *Van Meter,* is remedial in nature and is to be given a liberal construction to permit the deciding of cases upon their merits. R. C. 1.11; *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 448; *Cf. LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, 114 and *Cero Realty Corp.* v. *American Manufacturers Mutual Ins. Co.* (1960), 171 Ohio St. 82. The liberal construction of a statute requires that "every reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court." *Draher* v. *Walters* (1935), 130 Ohio St. 92 at 94. *Cf. Brown* v. *Lamb* (1973), 36 Ohio St. 2d 8.

The facts in *Gregory, supra,* cited by the appellee, are clearly distinguishable from the facts herein. In that case, the statute of limitation calling for a claim for compensation with the Bureau of Workmen's Compensation to be filed within a ten-year period was altered by the major amendment to R. C. 4123.84 and 4123.52, which barred all claims for compensation or benefits unless written notice of the specific part or parts of the body claimed to have been injured was made within two years after the injury or death.

The first three paragraphs of the syllabus of *Gregory* are as follows:

"1. Statutes of limitation are remedial in nature and may be generally classified as procedural legislation.

---

[2]Had plaintiffs filed their action in the Court of Common Pleas, which also had jurisdiction over the action, it is uncontested that plaintiffs would have had until Monday, May 5th to file.

"2. The statutory right to file an application for modification of an award, which right arose by operation of the workmen's compensation laws of this state, is a substantive right which accrues at the time of the claimant's injury.

"3. When the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution."

In the case *sub judice,* the extension of time to file an action does not destroy any substantive right.

In dismissing the action of the plaintiffs for the reason that such action was barred by the applicable statute of limitations, the Municipal Court of Toledo erred.

The second assignment of error has not been briefed or argued on appeal and is disregarded. App. R. 12(A).

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Municipal Court of the city of Toledo is reversed.

*Judgment reversed.*

BROWN, P. J. and POTTER, J., concur.