OPINION
{¶ 1} The Salem City School District Board of Education ("Board") decided not to renew Appellant Douglass E. Moffett's teaching contract because Appellant failed to file a timely request for a hearing. The decision was upheld by the Columbiana County Court of Common Pleas, leading to this appeal. Appellant argues that his request for a hearing was timely under Civ.R. 6(A), but the Board and the common pleas court concluded that the Ohio Rules of Civil Procedure, including Civ.R. 6(A), do not apply to administrative proceedings. The Board and the trial court are correct, and the judgment of the Columbiana County Court of Common Pleas is affirmed.
 {¶ 2} Appellant was employed as a teacher in the Salem City School District during the 2001-2002 academic year. On April 15, 2002, the Board met and decided not to renew Appellant's teaching contract. On April 25, 2002, Appellant requested a written list of circumstances explaining the Board's decision not to renew his contract, following the procedure described in R.C. 3319.11(G)(1).
 {¶ 3} On Friday, May 3, 2002, Ted Cougras, the Treasurer of the Board, hand-delivered to Appellant a letter containing a list of circumstances explaining the non-renewal of his contract. There is no dispute that this letter was timely delivered to Appellant on May 3, 2002.
 {¶ 4} If Appellant desired to have a hearing with the Board concerning their decision, R.C. 3319.11(G)(3) gave Appellant five days to notify the Board that he wanted this hearing:
 {¶ 5} "Any teacher receiving a written statement describing the circumstances that led to the board's intention not to reemploy the teacher pursuant to division (G)(2) of this section may, within five daysof the date of receipt of the statement, file with the treasurer of the board a written demand for a hearing before the board pursuant to divisions (G)(4) to (6) of this section." (Emphasis added.)
 {¶ 6} Appellant did not deliver his request for a hearing until Thursday, May 9, 2003, which was six days after he received notice of the reasons for the non-renewal of his contract. The parties do not dispute that this notice was delivered to Mr. Cougras, the treasurer, on the sixth day, beyond the time limit set by R.C. 3319.11(G)(3).
 {¶ 7} On June 12, 2002, the Board passed a Resolution determining that Appellant had not filed a timely request for a hearing under the deadline set by R.C. § 3319.11(G)(3), and affirming their prior nonrenewal of Appellant's teaching contract.
 {¶ 8} On July 10, 2002, Appellant filed an administrative appeal with the Columbiana County Court of Common Pleas, under the authority of R.C. 3319.11(G)(7).
 {¶ 9} On January 2, 2003, the court affirmed the June 12, 2002, Resolution and dismissed the appeal. The court noted that Civ.R. 6(A), if applicable, would have extended the time that Appellant had to file his request for a hearing. Civ.R. 6(A) states that: "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The court held that Civ.R. 6(A) did not apply to the administrative action taken by the Board. The court held that the filing deadlines in R.C. 3319.11 are governed by the time calculations set forth in R.C. 1.14, which states:
 {¶ 10} "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday."
 {¶ 11} The court concluded that, in the light of R.C. 1.14, Appellant did not meet the five-day deadline for requesting a hearing before the Board.
 {¶ 12} On January 21, 2003, Appellant filed this timely appeal.
 {¶ 13} The sole assignment of error in this appeal argues:
 {¶ 14} "The trial court erred in the Judgment Entry of January 2, 2003 by affirming the non-renewal of Appellant for the sole reason that Appellant's demand for a Board hearing on the non-renewal decision was untimely."
 {¶ 15} The facts in this case are not in dispute, and the only issue is whether Civ.R. 6(A) applies to the administrative proceedings established by R.C. § 3319.11. As this is purely a legal, rather than a factual, question, this Court applies a de novo standard of review.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684.
 {¶ 16} R.C. 3119.11(G)(7) severely limits the subject matter of an appeal to the court of common pleas:
 {¶ 17} "(7) A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county * * * on the grounds that the board has not complied with section 3319.11 or 3319.111 of the Revised Code.
 {¶ 18} "Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors * * *.
 {¶ 19} "No appeal of an order of a board may be made except as specified in this division."
 {¶ 20} This appeal involves an alleged procedural error and was within the review authority of the court of common pleas.
 {¶ 21} Appellant's essential argument on appeal is that Civ.R. 6(A) has been applied in a number of cases to modify or enlarge the time limits set by R.C. § 1.14. Appellee points out, though, that Civ.R. 6(A) only modifies the time formulas set in R.C. 1.14 when a court proceeding is involved, because the Rules of Civil Procedure specifically apply to Ohio's courts. Appellee refers to Civ.R. 1(A), which states:
 {¶ 22} "These rules prescribe the procedure to be followed in allcourts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule." (Emphasis added.)
 {¶ 23} As the Ohio Supreme Court stated in Rockey v. 84 Lumber Co.
(1993), 66 Ohio St.3d 221, 224, 611 N.E.2d 789: "[t]he Civil Rules are the law of this state with regard to practice and procedure in our statecourts." (Emphasis added.)
 {¶ 24} There is an extensive body of law establishing that the Rules of Civil Procedure only apply to court proceedings unless specific statutes or regulations require them to apply to administrative proceedings. Eller Media Co. v. Ohio Dept. of Transp., 8th Dist. No. 80344, 2002-Ohio-4192; Reminderville v. Schregardus (Dec. 8, 1998), 10th Dist. No 98AP-246; Baughman v. Dept. of Pub. Safety Motor VehicleSalvage (1997), 118 Ohio App.3d 564, 571, 693 N.E.2d 851; Leake v. OhioState Bd. of Psychology (June 30, 1993), 6th Dist. No. S-92-32; Yoder v.Ohio State Bd. of Edn. (1988), 40 Ohio App.3d 111, 531 N.E.2d 769, paragraph one of the syllabus; Application of Milton Hardware Co. (1969),19 Ohio App.2d 157, 161, 250 N.E.2d 262. Appellant must overcome this very persuasive line of cases in order to succeed in this appeal.
 {¶ 25} Appellant cites three cases to support his argument that Civ.R. 6(A) governed the amount of time he had to file his request for an administrative hearing, and that R.C. 1.14 and Civ.R. 6(A) should both be given effect in administrative proceedings if at all possible. All three cases, though, involve time calculations and deadlines in the context of court proceedings rather than administrative proceedings. Ritz v. Brown
(1989), 61 Ohio App.3d 65, 572 N.E.2d 159, involved a wrongful death complaint filed in a court of common pleas, and Rahm v. Hemsoth (1976),53 Ohio App.2d 147, 372 N.E.2d 358, began as a complaint for damages filed in a municipal court. The Rules of Civil Procedure obviously apply to cases originating in a municipal court or a court of common pleas, and it is no surprise that Civ.R. 6(A) was given effect in both Ritz andRahm. Appellant also cites Sichitano v. Twp. of Rootstown (June 22, 1984), 11th Dist. No. 1397, which began as a request for a zoning variance with the Rootstown Township Zoning Board of Appeals. The variance was denied, and the plaintiff attempted to file an appeal with the Portage County Court of Common Pleas pursuant to R.C. 2506.01. One of the issues in the case was the timeliness of the appeal to the court of common pleas, and Civ.R. 6(A) was applied to calculate the amount of time available to file the appeal to that court. Sichitano, just like Ritz andRahm, involved the application of Civ.R. 6(A) to a court deadline rather than to a process that occurred during the administrative portion of the proceedings. None of the cases cited by Appellant even raise the issue as to whether Civ.R. 6(A) should be applied to administrative proceedings prior to the stage where these proceedings reach a court.
 {¶ 26} Appellant next argues that the Modern Courts Amendment to the Ohio Constitution somehow supports the application of Civ.R. 6(A) to the Board proceedings. It is axiomatic that the Modern Courts Amendment only applies to courts, so it is unclear how this advances Appellant's argument.
 {¶ 27} While Appellant does cite to an administrative case, Stateex rel. Holdridge v. Indus. Comm. (1967), 11 Ohio St.2d 175,228 N.E.2d 621, this case is inapplicable because: (1) it dealt with issues predating the adoption of the rules of civil procedure; and (2) it dealt with two workers' compensation statutes that prescribed the specific procedural rules that would apply to the administrative proceedings that took place. State ex rel. Holdridge says nothing about applying the procedural rules of the court system to an administrative proceeding.
 {¶ 28} Appellant cites Boyer v. Boyer (1976), 46 Ohio St.2d 83,346 N.E.2d 286, for the principle that the rules of civil procedure control over conflicting statutes on matters of procedure. Boyer dealt with a matter in domestic relations court, and was clearly referring to certain statutes that govern court proceedings when it held that: "where conflicts arise between the Civil Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law." Id. at 86. Boyer does not address in any way the issue as to whether the rules of civil procedure apply to administrative proceedings. Appellant's counsel has not cited any cases, and conceded at oral argument that he could find no cases, in which the Rules of Civil Procedure were held to apply to a purely administrative proceeding.
 {¶ 29} Appellant notes that Civ.R. 1(C) exempts the Rules of Civil Procedure from applying to special statutory procedures only if the rules are "clearly inapplicable":
 {¶ 30} "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings[.]"
 {¶ 31} Appellant contends that the procedure in R.C. 3311.19 is a special statutory procedure and the Civ.R. 6(A) is not clearly inapplicable to the procedures set up on R.C. 3311.19.
 {¶ 32} We are not persuaded by this argument because the reference to "special statutory proceedings" in Civ.R. 1(C) is a reference to court proceedings; in other words, to proceedings in which the Rules of Civil Procedure already apply. Civ.R. 1(C) is an exception to Civ.R. 1(A), and thus, Civ.R. 1(A) must be applicable before we can consider whether an exception applies. Civ.R. 1(A) states that the Rules of Civil Procedure must be, "followed in all courts of this state[.]" Because the Board is not a court of this state, the rules of civil procedure do not apply to the Board, and the exceptions in Civ.R. 1(C) are irrelevant. This view is borne out by the caselaw pertaining to Civ.R. 1(C), which time after time deals with the applicability of Rules of Civil Procedure to statutes establishing special court proceedings. See Price v. Westinghouse Elec.Corp. (1982), 70 Ohio St.2d 131, 24 O.O.3d 237, 435 N.E.2d 1114 (workers' compensation appeals in the court of common pleas); Cuyahoga Metro.Hous. Auth. v. Jackson (1981), 67 Ohio St.2d 129, 21 O.O.3d 81,423 N.E.2d 177 (forcible entry and detainer actions); Pegan v. Crawmer
(1995), 73 Ohio St.3d 607, 608, 653 N.E.2d 659 (habeas corpus actions).
 {¶ 33} Appellant argues that R.C. 3319.11(G)(3) is akin to a statute of limitations, and should be liberally construed to permit the resolution of this case on the merits rather than on procedural defaults. This is no more than a plea for this Court to overlook the five-day time limit in R.C. 3319.11(G)(3). We cannot accept this argument, especially considering that statutory requirements (including time deadlines and filing requirements) for seeking review of a decision by an administrative board are jurisdictional requirements and must be strictly followed. McCruter v. Bd. of Review, Bureau of Emp. Serv.
(1980), 64 Ohio St.2d 277, 279, 415 N.E.2d 259.
 {¶ 34} Appellant's most noteworthy argument is found in his reply brief. Appellant argues that the Rules of Civil Procedure are not usually applied in administrative proceedings because the agency members or board members involved in the proceedings are not lawyers and are not required to be lawyers. See Harrison v. Dayton (Feb. 13, 1987), 2nd Dist. No. 9796. The aspects of the Rules of Civil Procedure that are usually found to be inapplicable to administrative proceedings are the rules of governing discovery, witnesses, and depositions (as in Vaughn v. StateMedical Bd. [Aug. 6, 1991], 10th Dist. No. 90AP-1160), or technical issues such as intervention (as in Johnson's Island Property Owners'Assn. v. Ohio Dept. of Natural Resources [2000], 103 Ohio Misc.2d 52,725 N.E.2d 374). Appellant argues that Civ.R. 6(A) does not present the same type of technical difficulties for non-lawyers, and merely describes a method for time calculations that supplements R.C. 1.14.
 {¶ 35} This argument might have been more compelling if Appellant could have found even one case, in the myriad of cases dealing with the Rules of Civil Procedure and administrative proceedings, that held that the civil rules applied to a purely administrative proceeding in any way. Appellant has not cited any cases in any courts that come to this conclusion, and our search has not revealed any. Further, Appellant fails to recognize that this argument opens the floodgate to all manner of other procedural issues. If we were to conclude that the Civil Rules of Procedure applied to jurisdictional administrative matters such as filing deadlines, then we or some other court would be forced to hold that every other civil rule also applies to administrative, non-judicial proceedings. We do not believe this was intended by the framers of those rules or by the legislature, who set up the statutes allowing for the administrative procedures.
 {¶ 36} We therefore conclude that the Rules of Civil Procedure apply only to court proceedings and that Civ.R. 6(A) does not apply to Appellant's request for an administrative hearing before the Board. We overrule Appellant's sole assignment of error, and the judgment of the Columbiana County Court of Common Pleas is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.