**NOT RECOMMENDED FOR PUBLICATION**

File Name: 05a0193n.06

Filed: March 16, 2005

Nos. 03-4441/4462/4625/4628

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Wachovia Securities, Inc., | ) | |
| | ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Dominic Gangale, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant/Cross-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:  Merritt and Rogers, Circuit Judges; and Duplantier,[*] District Judge

**MERRITT, Circuit Judge.**  In this contested securities arbitration case in which the parties made claims in three separate courts under both the Ohio and Federal Arbitration Acts, appellant and cross-appellee Dominic Gangale, who is appearing *pro se*, appeals two decisions from the Northern District of Ohio.  Wachovia Securities, Inc.  cross-appealed in both instances.  In one decision, Wachovia won a summary judgment in which the district court concluded, on May 14, 2003, that the arbitration award should be sustained against an action by Gangale seeking to have it vacated under the Ohio Arbitration Act.  In a second decision, on October 1, 2003, the District Court confirmed, under the Federal Arbitration Act, the arbitrators' monetary award for the entire amount

---

[*]The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

claimed against Gangale by Wachovia. The court then declined to confirm the monetary award

under the Ohio Arbitration Act. Wachovia has cross-appealed the two decisions in its favor for

reasons that are not entirely clear. For the reasons that follow, we affirm the May 14, 2003, and the

October 1, 2003, decisions.

**I.**

While the facts leading to the lawsuits that resulted in these appeals are relatively

straightforward, the procedural history is difficult to understand because Wachovia brought several

lawsuits in state and federal courts to have the arbitration award confirmed under both the Ohio and

Federal Arbitration Acts. We will begin with a recitation of the facts, which are not in dispute,

followed by an effort to explain the remarkable procedural history of these appeals.

In the fall of 1999, Dominic Gangale and his wife Dale Gangale set up a margin investment

account with First Union Brokerage Services, now known as Wachovia Securities, Inc.,[1] and began

trading on the margin account. Over about a four-month period, the account accumulated a debit

balance of approximately $246,860. Despite receiving notice and demand for payment from First

Union to bring the account current, the Gangales did not remit the amount due because they assert

that they believed the amount grew to such a level in violation of both New York Stock Exchange

rules and First Union's own policies. In May 2000, pursuant to a written margin agreement between

First Union and the Gangales,[2] First Union filed an arbitration action with the National Association

---

[1]We will refer to Wachovia Securities, Inc. as First Union, the name it went by in the proceedings below.

[2]The Margin Agreement, dated October 20, 1999, included the following language:

of Securities Dealers. On October 19, 2001, after a proceeding in which both sides participated, a

panel of arbitrators from National Association of Securities Dealers Dispute Resolution, Inc. found

in favor of First Union on all of its claims in the amount of $279,319.21, plus interest, fees and costs.

The Securities Dealers arbitration award did not state any factual findings or legal conclusions

whatsoever, or give any explanation at all for its decision, which is permissible under the terms of

the Margin Agreement between the parties, as well as federal and Ohio law. Although not stating

any legal or factual bases for its decision, the award recounts the fact that the arbitration panel

threatened the Gangales with sanctions for failing to produce documentary evidence to First Union

and barred them from presenting evidence during the hearing that had not been timely produced to

First Union. Arbitration Award, Oct. 19, 2001 (Supp. Appendix at 96.)

Gangale challenged the award by timely filing an Application and Motion to Vacate the

Arbitration Award in the Northern District of Ohio pursuant to the Ohio Arbitration Act, Chapter

2711 of the Ohio Revised Code[3] and the language of the Margin Agreement. In the motion to

> The undersigned agrees, and by carrying an account for the undersigned agree, that all controversies which may arise between us concerning any transaction or the construction, performance, or breach of this or any other agreement between us . . . shall be determined by arbitration under this agreement . . .[and] the award of the arbitrators . . . shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

[3]Ohio Revised Code Chapter 2711 sets forth the specific statutory procedures to vacate, modify, correct or confirm an arbitration award. Specifically, Section 2711.13, Motion to vacate, modify, or correct; notice, reads as follows:

> After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an

vacate, Gangale claimed that the arbitrators abused their discretion because they did not require First

Union to follow industry rules or its own internal rules regarding margin accounts.  Application and

Motion to Vacate Arbitration Award, filed January 16, 2002.  (Appendix at 1.)  This suit was

assigned to Magistrate Judge Gallas and Judge Economus under Docket Number 5:02-CV-100.[4]  On

June 21, 2002, First Union filed an Answer and Counterclaim  denying the charges in the motion

to vacate and counterclaiming for confirmation of the arbitration award pursuant to the Ohio

---

> order vacating, modifying, or correcting the award as prescribed in
> sections 2711.10 and 2711.11 of the Revised Code.
>
> Notice of a motion to vacate, modify, or correct an award must be
> served upon the adverse party or his attorney within three months
> after the award is delivered to the parties in interest, as prescribed by
> law for service of notice of a motion in an action.  . . .

Although this section directs the motion to be filed in the court of common pleas, a federal court
may exercise diversity jurisdiction over claims arising under this Chapter. *Eidi v. Kidder, Peabody
& Co.,* 931 F.2d 893 (6th Cir. 1991).  There is no dispute that the parties to this action are citizens
of different states and the amount in controversy exceeds $75,000, thereby meeting the requirements
of 28 U.S.C. § 1332.

[4]The parties consented to the transfer of the cases in the district court to Magistrate Judge
James S. Gallas for all proceedings, including entry of final judgment.

Arbitration Act.[5]  First Union did not make a claim or counterclaim pursuant to the Federal Arbitration Act at this time, and neither did Gangale.

On September 16, 2002, First Union moved for summary judgment on Gangale's motion to vacate the arbitration award.  The motion did not address First Union's counterclaim for confirmation of the entire award.  On May 14, 2003, the magistrate judge issued a memorandum opinion and order granting First Union's motion for summary judgment.  (Supplemental Appendix at 146.)  Acknowledging that the arbitration decision consisted of "naked conclusions with no explanation of how the decision was reached," the district court held that Ohio law generally does not permit the court to examine the actual merits upon which such an award is based.  Decision of May 14, 2003, at 6.  (Supp. Appendix at 151).  The court concluded that Gangale had not met any of the listed criteria for vacating an arbitration award under Section 2711.10 of the Ohio Revised Code.[6]  The court explicitly noted that the "case [would] proceed to resolve these final issues." *Id.*

---

[5]Section 2711.09, Application for order confirming the award, states as follows:

At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 [motion to vacate award] and 2711.11 [motion to modify award] of the Revised Code. . . .

Ohio Rev. Code § 2711.09.

[6]Section 2711.10, Court may vacate award

In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

(A) The award was procured by corruption, fraud, or undue means.

-5-

at 7. Thus, the order did not appear to be a final appealable order and no appeal of the ruling was made by Gangale at that time.

On October 21, 2002, one year and two days after issuance of the arbitration award, and one month after moving for summary judgment, First Union made three separate filings in three separate courts seeking confirmation of the arbitration award under both the Federal Arbitration Act and the Ohio Arbitration Act.[7]  In the briefs and record before us, no explanation is given for the separate

---

> (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

> If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

Ohio Rev. Code § 2711.10.

[7]A "Complaint for Confirmation of Arbitration Award" was filed by First Union in  (1) the Southern District of Ohio under Case No. 02-1037, (2) the Northern District of Ohio under Case No. 02-288 and (3) the Court of Common Pleas for Tuscarawas County, Ohio.  Case No. 02-1037 was transferred from the Southern District of Ohio to the Northern District of Ohio and consolidated with Case No. 02-288, but also given a new docket number:  Case No. 03-958.  However, that case (03-958) was dismissed without prejudice on December 31, 2003, leaving Case No. 02-288 as the "surviving" case containing First Union's claim for confirmation under the Federal Arbitration Act. The state court case was dismissed by the court of common pleas on the ground that First Union failed to prosecute the case, but the Court of Appeals for Tuscarawas County reversed and remanded the case because First Union disputed whether it received notice of the motion to dismiss filed by Gangale.  (Supp. App. at 172)  The record does not reflect the status of the case on remand to the court of common pleas.

filings and no explanation given for raising the Federal Arbitration Act for the first time at that point.

Even so, through transfers and consolidations, the separate cases pending in federal court were eventually consolidated so that only two remained in federal court by the end of 2003: (1) Case No. 02-100, arising from the original Motion to Vacate filed by Gangale in which summary judgment in favor of First Union was granted on May 14, 2003, and in which First Union had filed a counterclaim under the Ohio Arbitration Act that was still pending, and (2) Case No. 02-288, wherein First Union filed a complaint for confirmation of the arbitration award on October 21, 2002, under both the Ohio and Federal Arbitration Acts.

The appeals and cross-appeals from the judgments in these two cases are before us now. First Union filed a motion for summary judgment in Case No. 02-288 seeking confirmation of the award under the Ohio and Federal Arbitration Acts, which was granted on October 1, 2003, as to the Federal Arbitration Act, 9 U.S.C. § 9,[8] but denied as to the Ohio Arbitration Act as untimely. Amended Judgment Entry (Case No. 02-288) (Appendix at 53). A few weeks later, on October 23,

---

[8]Award of arbitrators; confirmation; jurisdiction; procedure

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected* as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. . . .

9 U.S.C. § 9 (emphasis added).

2003, in Case. No. 02-100 (which remained open after the May 14, 2003, order granting summary judgment to First Union on Gangale's Motion to Vacate under the Ohio Arbitration Act), the District Court held that First Union's counterclaim in that case seeking confirmation of the award under the Ohio Arbitration Act was mooted due to the confirmation of the arbitration award pursuant to the Federal Arbitration Act in Case No. 02-288. The court ruled that collateral estoppel and claim preclusion mooted the claim, and it was, in any event, "pointless" to litigate the counterclaim because the award had been confirmed under the Federal Arbitration Act. Judgment Entry, dated October 23, 2003 (Case No. 02-100) (Second Supplemental Appendix at 201).

Appeals and cross-appeals were made by the parties from the judgments in these two separate actions below and consolidated in our Court: (1) from the Amended Judgment Entry on October 1, 2003, in Case No. 02-288, granting and denying summary judgment to First Union on its Complaint for Confirmation of the Arbitration Award under the Federal and Ohio Arbitration Acts (Sixth Circuit Case Nos. 03-441 and 03-4462), and (2) from the Judgment Entry dated October 23, 2003, in Case No. 02-100, finding moot First Union's counterclaim for confirmation under the Ohio Arbitration Act and finalizing the judgment from May 14, 2003, granting summary judgment to First Union on Gangale's Motion to Vacate the Arbitration Award (Sixth Circuit Case Nos. 03-4625 and 03-4628). The questions before us on appeal seem to be whether the district court properly (1) granted confirmation of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9; (2) denied confirmation of the same award under the Ohio Arbitration Act, Ohio Rev. Code § 2711.09; (3) granted summary judgment to First Union on the motion by Gangale to vacate the arbitration award under the Ohio Arbitration Act and (4) found moot First Union's counterclaim

for confirmation under the Ohio Arbitration Act in response to Gangale's motion to vacate the award.

For the reasons explained below in this confusing situation, we affirm the District Court's judgments in both appeals because Gangale has presented no basis we are able to accept under current law for setting aside the award under either Ohio or federal arbitration law. Although we disagree with the District Court's conclusion that First Union's motion to confirm the award under the Ohio Arbitration Act was not timely, we affirm that portion of the opinion as well on the ground that any error in interpreting timeliness under Ohio law and the Ohio Arbitration Act is harmless in light of the District Court's confirmation of the award under the Federal Arbitration Act and its decision not to vacate the award under the Ohio Arbitration Act.

## II.

We now proceed the merits of this case. Although the language of and the law interpreting both the Federal Arbitration Act, 9 U.S.C. §§ 9-11, and the Ohio Arbitration Act, Ohio Rev. Code §§ 2711.09-2711.13, are almost identical and our interpretation of the two statutes as applied to this matter is virtually indistinguishable, we will address each statute separately and assume along with the parties that they both apply.

**Federal Arbitration Act**

Because the District Court opinion raises a question as to the timeliness of First Union's complaints for confirmation of the arbitration award, we first briefly address whether First Union's complaint for confirmation of the arbitration award was timely. First Union filed for confirmation of the arbitration award under the Federal Arbitration Act on October 21, 2002, one year and two

days after the arbitrators rendered their decision. Under the language of the statute, a party may seek

confirmation by the court "at any time within one year after the award is made." 9 U.S.C. § 9. The

District Court correctly noted that the limitation on the time for seeking confirmation in the statute

is permissive, not mandatory, and allowed the complaint to proceed. *See Kentucky River Mills v.*

*Jackson*, 206 F.2d 111, 120 (6th Cir. 1953). We also note that, in any event, under Federal Rule of

Civil Procedure 6(a),[9] the complaint appears timely. October 19, 2002, one year after the arbitrators'

decision, fell on a Saturday. Rule 6(a) specifically states that in such case the filing is timely when

made on the next business day, which in this case was Monday, October 21, 2002.

We review a district court's legal conclusion to confirm or vacate an arbitration award de

novo, and its factual findings for clear error. *Int'l Bhd. of Teamsters, Local 519 v. United States*

*Parcel Serv., Inc.*, 335 F.3d 497, 503 (6th Cir. 2003); *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th

Cir. 2000). We first note that in his brief in this matter, Gangale cites error for the failure to vacate

the arbitration award under the Federal Arbitration Act. But this claim is frivolous because Gangale

---

[9]Rule 6. Time

(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a *Saturday*, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, *in which event the period runs until the end of the next day which is not one of the aforementioned days*. (Emphasis added.)

Fed. R. Civ. P. 6.

never sought vacation of the award under the *Federal* Arbitration Act; he sought it only under the

Ohio Arbitration Act.

Section 9 of the Federal Arbitration Act is clear that confirmation is a summary proceeding

and the court *must* confirm the award where the award is not vacated, modified or corrected: "the

court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in

sections 10 and 11 of this title." 9 U.S.C. § 9. Thus, the plain language of the Federal Arbitration

Act presumes that arbitration awards will be confirmed, and our limited role in confirming an

arbitration award under the Federal Arbitration Act is well settled. The parties have contracted for

a decision by arbitrators, not the Court. *Shearson/Am. Exp., Inc. v. McMahon,* 482 U.S. 220, 226

(1987) (In interpreting a securities case, Supreme Court held that the Federal Arbitration Act

establishes a "federal policy favoring arbitration ... requiring that we rigorously enforce agreements

to arbitrate."); *see also Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998);

*Shelby Cty. Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992)

("It is well established that courts should play only a limited role in reviewing the decisions of

arbitrators."). The standard for judicial review of arbitration procedures is merely whether a party

to arbitration has been denied a fundamentally fair hearing. *Nationwide Mut. Ins. Co. v. Home Ins.

Co.*, 278 F.3d 621, 625 (6th Cir. 2002); s*ee also Cooper v. Morgan Keegan & Co.*, No. 03-5856,

2004 WL 2030305, at \*2 (6th Cir. Sept. 7, 2004); *Nat'l Post Office Mailhandlers, Watchmen,

Messengers and Group Leaders Div., Laborers Int'l Union of N. Am., AFL-CIO v. United States

Postal Serv.*, 751 F.2d 834, 841 (6th Cir. 1985). Accordingly, neither the trial court nor this Court

may reconsider the merits of an award, even when parties allege that the award rests on errors of fact

or on misinterpretation of a collective bargaining agreement.  *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36 (1987). As a matter of law, the federal courts are merely courts of enforcement where the award has not been vacated, modified or corrected.  9 U.S.C. § 9.  Because Gangale merely argues that for a variety of reasons the arbitrators should have reached a different decision, we are without authority to withhold confirmation of the award.

**Ohio Arbitration Act**

Unlike the course of the proceedings under the Federal Arbitration Act, Gangale did move to vacate the arbitration award pursuant to section 2711.10 of the Ohio Arbitration Act.  The District Court denied his motion to vacate when it granted summary judgment to First Union on May 14, 2003, in Case No. 2-100.

Like our review under the federal law, our review under Ohio law is narrow as well. Arbitration awards are presumed valid, and an appellate court may not substitute its judgment for that of an arbitrator. *Findlay City School Dist. Bd. of Ed. v. Findlay Ed. Ass'n*, 49 Ohio St. 3d 129, 132, 551 N.E.2d 186 (1990), *abrogated on other grounds*, *Cincinnati v. Ohio Council 8, AFSCME*, 61 Ohio St. 3d 658, 576 N.E.2d 745 (1991); *Brumm v. McDonald & Co. Sec., Inc.,* 78 Ohio App. 3d 96, 104, 603 N.E.2d 1141 (1992); *Marra Const., Inc. v. Cleveland Metroparks Sys*., 82 Ohio App. 3d 557, 562, 612 N.E.2d 806, 809 (1993).  By submitting their dispute to binding arbitration instead of to a court, the parties "agree to accept the result, regardless of its legal and factual accuracy." *Cleveland v. Fraternal Order of Police, Lodge No. 8,* 76 Ohio App. 3d 755, 758, 603 N.E.2d 351, 352-53 (1991); *see also Ford Hull-Mar Nursing Home, Inc. v. Marr, Knapp, Crawfis & Assoc., Inc.*,

138 Ohio App. 3d 174, 179, 740 N.E.2d 729, 732-33 (2000).  In order for binding arbitration to

survive as an alternative to litigation, the scope of judicial review must be limited:

> At common law, the courts have almost uniformly refused to vacate an arbitrator's award because of an error of law or fact. It has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable . . ., and that even a grossly erroneous decision is binding in the absence of fraud.

*Goodyear Tire & Rubber Co. v. Local Union No. 200*, *United Rubber, Cork, Linoleum and Plastic*

*Workers of Am.,* 42 Ohio St. 2d 516, 522, 330 N.E.2d 703, 708 (1975) (citations omitted).   As a

result, courts will make every reasonable indulgence to avoid disturbing a binding arbitration award:

> Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.

*Goodyear*, 42 Ohio St. 2d at 520, 330 N.E.2d at 706;  *Stehli v. Action Custom Homes, Inc.*,144 Ohio

App. 3d 679, 681-82, 761 N.E.2d 129, 131-32 (2001).

Chapter 2711 of the Ohio Revised Code authorizes a "limited and narrow judicial review of

an arbitration award" by setting forth "specific statutory procedures to vacate, modify, correct, or

confirm an arbitration award."  *City of Galion v. Local 2243, AFSCME*, 71 Ohio St. 3d 620, 623,

646 N.E.2d 813, 815  (1995).   Section 2711.10 sets forth narrow grounds upon which a court may

vacate an arbitration award, which are limited to claims of fraud, corruption, misconduct, an

imperfect award, or that the arbitrator exceeded his authority. *Goodyear Tire & Rubber Co. v. Local*

*Union No. 200*, 42 Ohio St. 2d 516, 520, 330 N.E.2d 703 (1975); *Warren Ed. Ass'n v. Warren City*

*Bd. of Ed.*, 18 Ohio St. 3d 170, 173-74 (1985). Under Ohio law, a court may vacate an arbitration award only where: (1) the award was procured by fraud, (2) the arbitrators were evidently partial or corrupt, (3) the arbitrators misbehaved so that a party's rights were prejudiced, or (4) the arbitrators exceeded their powers or executed them so that a final, definite award was not made. Ohio Rev. Code 2711.10. An award may also be vacated where the arbitrators have manifestly disregarded the law.

On appeal, Gangale asserts only generalities: (1) the arbitrators "manifestly disregarded" the law; (2) the arbitrators exceeded the scope of their authority; (3) the District Court's decision fails the "rationality test;" (4) the District Court erred in finding that there was no duty of oversight by First Union; and (5) the District Court erred in finding that First Union did not violate any consumer protection rules. In his reply brief he also appears to make an argument that the arbitrators' decision was "fraudulent," although he cites no instances of fraud in the brief.

Gangale's primary argument is that First Union did not follow either its own rules or the rules of the New York Stock Exchange regarding oversight of margin accounts. He claims that First Union should have liquidated the account when it fell below a certain level. But, under Ohio law, a court reviewing an arbitrator's decision cannot vacate an award simply because the court would have reached a different decision. *Goodyear*, 42 Ohio St. 2d at 523, 330 N.E.2d at 708. The court can only review the proceedings to ensure that it was impartially conducted, that the arbitrators considered the evidence before them and that they rendered a decision on the issues before them. Here, the award specifically states that the panel admitted all exhibits properly proffered by Gangale,

and Gangale has not made any credible showing of fraud, partiality, misconduct or that the arbitrators exceeded their authority.

Gangale also contends that the arbitrators' failure to explain their reasoning constitutes a manifest disregard of the law. We have previously held in a similar margin account arbitration case that "[a]rbitrators are not required to explain their decisions." *Dawahare*, 210 F.3d at 669-70; *see also Stehli*, 144 Ohio App. 3d at 684, 761 N.E.2d at 133 (Under Ohio law "it is well settled that without a provision to the contrary in a statute . . . the validity of an arbitration award is *unaffected* by the absence of an arbitrator's findings of fact and conclusions of law in the award.") . We have recognized that should arbitrators choose not to explain their decisions it becomes "all but impossible to determine whether they acted with manifest disregard for the law." *Dawahare*, 210 F.3d at 669 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995)). The form of the arbitrators' decision in this case is similar to that in *Dawahare* – a brief description of the proceedings followed by a monetary award simply designating the amounts, without explanation. Because we find nothing in the record to show that the arbitrators clearly chose not to follow applicable law, we may not vacate the award on the basis of the arbitrators' failure to explain their legal reasoning or to find facts.

**Confirmation under the Ohio Arbitration Act**

The District Court denied summary judgment to First Union on its complaint for confirmation under the Ohio Arbitration Act, unlike its ruling under the Federal Arbitration Act, because it found that the filing of the complaint on October 21, 2002, two days beyond the one year mark after the arbitrators' decision was rendered, was untimely. Order dated October 1, 2003, at

11 (Case No. 02-288) (Appendix at 63). For the same reasons cited above with reference to the timeliness of the complaint under the Federal Arbitration Act, we believe the District Court's finding to be in error.

First, the Ohio Arbitration Act indicates that a party "may" apply for confirmation of the award within one year. The Ohio courts have held this time period to be permissive and not a mandatory limitations period. *See, e.g., Russo v. Chittick*, 48 Ohio App. 3d 101, 103, 548 N.E.2d 314, 316 (1988) ("The import of the statute, based upon ordinary canons of statutory construction, fails to equate to the interpretation a party must apply to confirm its award within one year or forfeit that right since the General Assembly used the term 'may apply.'"); *Temple v. Dawn Const. Co.*, No. 82830, 2003 WL 22251701, at *1-*2 (Ohio App. Oct. 2, 2003). The District Court cited a case from 2003 from an Ohio Appeals Court that noted in a footnote that the complaint for confirmation of the award was untimely. *Johnson v. Thom Builders,* No. E-02-020, 2003 WL 257403, at n. 2 (Ohio App. Feb. 7, 2003.) ("We note that even assuming, arguendo, that the municipal court was the proper tribunal to bring the appeal, appellees' appeal was untimely. Pursuant to [section] 2711.09, appellees had one year from the award to apply to the court for an order confirming the award or three months after the award to seek an order vacating, modifying or correcting the award."). However, the complaint in *Johnson* was dismissed because it was not brought in the proper court, so the reference to the untimeliness was only dicta. Furthermore, unlike other cases in the Ohio courts, there was no discussion of the purpose behind the time limitation in the Ohio Arbitration Act. Given the other holdings in Ohio courts, we do not find *Johnson* persuasive.

Second, even if the time limit were not permissive, it does not appear that the complaint was

filed late under Ohio law. Ohio Revised Code 1.14[10] and Ohio Civil Rule 6(A) (which is identical

to Federal Rule of Civil Procedure 6(a))[11], when read together, allow for a filing that is due on a

Saturday to be filed on the next business day, which in this case was Monday, October 21, 2002.

*Van Meter v. Segal-Schadel Co.,* 5 Ohio St. 2d 185, 188, 214 N.E.2d 664, 666 (1966) ("[W]e believe

that Section 1.14, Revised Code . . . indicate[s] a general legislative intention that 'the last day for'

---

[10]First day excluded and last day included in computing time; exceptions; legal holiday
defined

The time within which an act is required by law to be done shall be computed by
excluding the first and including the last day; except that, when the last day falls on
Sunday or a legal holiday, the act may be done on the next succeeding day that is not
a Sunday or a legal holiday.

Ohio Revised Code §1.14.

[11](A) Time: computation

In computing any period of time prescribed or allowed by these rules, by the local
rules of any court, by order of court, or by any applicable statute, the date of the act,
event, or default from which the designated period of time begins to run shall not be
included. The last day of the period so computed shall be included, unless it is a
Saturday, a Sunday, or a legal holiday, in which event the period runs until the end
of the next day which is not a Saturday, a Sunday, or a legal holiday. When the
period of time prescribed or allowed is less than seven days, intermediate Saturdays,
Sundays, and legal holidays shall be excluded in the computation. When a public
office in which an act, required by law, rule, or order of court, is to be performed is
closed to the public for the entire day which constitutes the last day for doing such
an act, or before its usual closing time on such day, then such act may be performed
on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.

Ohio Rule of Civil Procedure 6(A).

doing an act required by law shall be a full work day."); *Rahm v. Hemsoth*, 53 Ohio App. 2d 147, 148, 372 N.E.2d 358, 359 (1976).

Lastly, First Union did in fact timely file under the Ohio Arbitration Act. On June 21, 2002, well within the one-year time frame, it filed a counterclaim in Case No. 2-100 to Gangale's motion to vacate the award. The fact that the district court did not rule on that counterclaim until after it had made a finding in a Case No. 2-288 that the complaint filed in that case on October 21, 2002, was untimely does not render the counterclaim in the other case moot.

Because the complaint filed by First Union in Case No. 02-288 was timely, we would affirm the confirmation of the award under the Ohio Arbitration Act for the same reasons cited above under the Federal Arbitration Act. Nevertheless, we affirm the judgment of the District Court because the error in denying summary judgment to First Union under the Ohio Arbitration Act was harmless in light of the District Court's confirmation of the award under the Federal Arbitration Act. Fed. R. Civ. P. 61.

For the foregoing reasons, the judgments of the District Court are affirmed.