[Cite as *Hason USA Corp. v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-8273.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Hason USA Corporation, | : | |
| Appellant-Appellant, | : | |
| | : | No. 16AP-150 |
| v. | : | (C.P.C. No. 15CV-10165) |
| Director, Ohio Department of Job and Family Services, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

———————————

D E C I S I O N

Rendered on December 20, 2016

———————————

**On brief:** *Lundrigan Law Group Co, LPA, W. Kelly Lundrigan*, and *Nicole M. Lundrigan*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, and *Robin A. Jarvis*, for appellee.

———————————

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Hason USA Corporation ("Hason"), appeals a judgment of the Franklin County Court of Common Pleas that affirmed the decision of the Unemployment Compensation Review Commission ("commission") that the director of the Ohio Department of Job and Family Services ("director") lacked jurisdiction to reconsider the unemployment contribution rate applicable to Hason for 2014 and 2015. For the following reasons, we reverse that judgment and remand this matter to the trial court so that it may reverse the commission's decision and order the director to consider the merits of Hason's application for reconsideration.

{¶ 2}   In November 2014, Hason received from appellee, the Ohio Department of Job and Family Services ("ODJFS"), a document entitled "Ohio Unemployment Tax Notification, Contribution Rate Determination, Calendar Year 2015."   That document stated that Hason's unemployment contribution rate for 2015 was 2.7 percent.[1]

{¶ 3}   On February 14, 2015, ODJFS issued a determination that altered Hason's unemployment contribution rate for 2015 (hereinafter "the revised determination").   The revised determination stated that ODJFS had concluded that Hason was a successor in interest to Odom Industries, Inc. ("Odom"), and it assigned Odom's unemployment contribution rate to Hason.   Thus, Hason's unemployment contribution rate for 2015 increased from 2.7 percent to 8.2 percent.

{¶ 4}   According to Jacques Dalphond, Hason's general manager, Hason did not know about the revised determination until April 23, 2015.   On that date, a Hason employee spoke on the telephone with an ODJFS representative, who informed the Hason employee of the revised determination.   At Hason's request, ODJFS forwarded a copy of the revised determination to Hason.

{¶ 5}   On May 13, 2015, Hason applied to the director for reconsideration of the revised determination.   In a decision issued May 21, 2015, the director concluded that she lacked jurisdiction to reconsider the revised determination because Hason failed to apply for reconsideration within 30 days of February 14, 2015, the date that ODJFS purportedly emailed notice of the revised determination to Hason.

{¶ 6}   Hason appealed the director's May 21, 2015 decision to the commission. The commission directed a hearing officer to conduct a hearing.   At that hearing, Dalphond testified and ODJFS submitted documentary evidence.

{¶ 7}   On October 21, 2015, the commission issued a decision affirming the director's decision.   The commission found that ODJFS attached the revised determination to an email that ODJFS sent to Hason on February 14, 2015 and, consequently, the 30-day period R.C. 4141.26(D)(2) provided for seeking reconsideration began running on February 14, 2015.  Since Hason did not seek reconsideration until after

---

[1] Employers owe contributions to the unemployment compensation fund.  The amount an employer must pay depends upon the contribution rate assigned by the director.  R.C. 4141.24 and 4141.25.

the 30-day window closed, the commission concluded that the director lacked jurisdiction to reconsider the revised determination.

{¶ 8}   Hason appealed the commission's October 21, 2015 decision to the trial court.  Hason moved to supplement the administrative record with the attachments to an exhibit the hearing officer had admitted into the administrative record.  In a judgment entered February 12, 2016, the trial court denied Hason's motion to supplement and affirmed the commission's decision.

{¶ 9}   Hason now appeals the February 12, 2016 judgment to this court, and it assigns the following errors:

> [1.] The Trial Court erred in affirming the Unemployment Compensation Review Commission's ("UCRC") conclusion that Appellant Hason USA Corp. did not file a timely request for reconsideration of the Ohio Unemployment Tax Notification Determination of Employer's Liability and Contribution Rate Determination, with a mailing date listed on the document of February 14, 2015 (the "New Determination"), which was an attempt to amend the original Ohio Unemployment Tax Notification Contribution Rate Determination Calendar Year 2015, with a mailing date of November 9, 2014 which had already become final (the "Original Determination").
>
> [2.] The Trial Court erred in denying Appellant Hason USA Corp.'s Motion to Supplement the Record where the administrative record submitted by the Commission to the Trial Court was incomplete on its face, and failed to include all evidence relevant to the appeal.

{¶ 10} By its first assignment of error, Hason argues that the trial court erred in affirming the commission's decision that the director lacked jurisdiction to reconsider the revised determination.  We agree.

{¶ 11}   An administrative body created by the General Assembly has only those powers expressly delegated by statute and must operate within any limitations imposed by statute.  *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, ¶ 13; *Shell v. Ohio Veterinary Med. Licensing Bd.*, 105 Ohio St.3d 420, 2005-Ohio-2423, ¶ 32.  Thus, when the General Assembly grants an administrative body the authority to hear appeals, the statutory language determines the parameters of the administrative body's jurisdiction.  *Chesapeake Exploration* at ¶ 13; *Cordial v. Ohio Dept.*

*of Rehab. & Corr.*, 10th Dist. No. 05AP-473, 2006-Ohio-2533, ¶ 20. If that statutory language requires the filing of an administrative appeal within a specified time period, the party seeking to appeal must comply with that requirement to invoke the jurisdiction of the administrative body. *Clemons v. Ohio State Dept. of Job & Family Servs.*, 10th Dist. No. 03AP-976, 2004-Ohio-6251, ¶ 12; *Moffett v. Salem City School Dist. Bd. of Edn.*, 7th Dist. No. 2003 CO 7, 2003-Ohio-7007, ¶ 33. Whether an administrative body possessed jurisdiction to hear a matter is an issue of law, which appellate courts review de novo. *Abraitis v. Testa*, 137 Ohio St.3d 285, 2013-Ohio-4725, ¶ 17; *Akron v. Ohio Dept. of Ins.*, 10th Dist. No. 13AP-473, 2014-Ohio-96, ¶ 21; *Kingsley v. Ohio State Personnel Bd. of Rev.*, 10th Dist. No. 10AP-875, 2011-Ohio-2227, ¶ 27.

{¶ 12} Pursuant to R.C. 4141.26(D)(2), an unemployment contribution rate determination becomes binding on the employer unless "[w]ithin thirty days after the mailing of notice of the employer's rate or a revision of it to the employer's last known address or, in the absence of mailing of such notice, within thirty days after the delivery of such notice, the employer files an application with the director for reconsideration." Thus, for the director to acquire jurisdiction to reconsider a rate determination, the employer must apply for reconsideration within 30 days after the mailing of a notice of the rate determination or, if no mailing occurred, the delivery of a notice of the rate determination.

{¶ 13} An administrative body "must strictly comply with the procedural requirements governing the issuance of its decision before the appeal deadline begins to run." *Pryor v. Dir., Ohio Dept. of Job & Family Servs.*, ___ Ohio St.3d ___, 2016-Ohio-2907, ¶ 21. When those procedural requirements include the mailing of an administrative decision, the administrative body bears the burden of establishing that the decision was mailed and the actual date of mailing. *Procter v. Giles*, 61 Ohio St.2d 211, 213 (1980). A notation on an administrative decision cannot, on its own, satisfy the administrative body's burden to prove the date of mailing. *Id.*

{¶ 14} Here, ODJFS contends that the 30-day window for seeking reconsideration of the revised determination began on February 14, 2015, when ODJFS sent Hason an email to which ODJFS attached the revised determination. All parties agree that ODJFS transmitted an email to Hason on February 14, 2015. The parties disagree, however,

regarding whether that email contained any notice of the revised determination. Pursuant to R.C. 4141.26(D)(2), the 30-day period for applying for reconsideration begins with "the mailing of notice of the employer's rate or a revision of it."  Consequently, if the February 14, 2015 email did not include notice of the revised determination, then it did not trigger the beginning of the 30-day period.

{¶ 15} Dalphond, Hason's general manager, provided the only testimony regarding the February 14, 2015 email.  Dalphond stated that Hason searched its computer system for the February 14, 2015 email after ODJFS told Hason that it had sent Hason an email on that date with notice of the rate revision.  Hason discovered an email, sent February 14, 2015 at 3:36 a.m., from "NoReply@odjfs.state.oh.us" to Michael O'Keefe, a Hason accountant.  Dalphond testified that the email stated only that Hason "ha[d] a new message from ODJFS" and included "a link that open[ed] to a general page of basically the home page of the [ODJFS] portal."  (Tr. at 16.)  According to Delphond, the email included no attachments.

{¶ 16} Dalphond's testimony describes a document attached as Exhibit 1 to Hason's notice of appeal of the director's decision, filed with the commission on June 18, 2015.  Exhibit 1 is an email from "NoReply@odjfs.state.oh.us" to "Michael O'Keefe" sent February 14, 2015 at 3:36 a.m. regarding "a new message from ODJFS."  In relevant part, Exhibit 1 reads, "A message has been sent to your online message box regarding your ODJFS Unemployment Compensation Tax account.  Please visit our website at https://unemployment.ohio.gov/wp/wps/myportal to access your account and view your messages."  Exhibit 1 contains no reference to any attachments.

{¶ 17} In its appellee's brief, ODJFS completely ignores Exhibit 1 and Dalphond's testimony regarding it.   ODJFS, instead, identifies a different document as the February 14, 2015 email that ODJFS sent Hason regarding the rate revision.  In ODJFS' view, the email at issue is the second page of Exhibit A, which ODJFS introduced and the hearing officer admitted during the hearing before the commission.[2]

{¶ 18} Exhibit A is a printout of a webpage found at a web address beginning "http://eric-int.odjfs.oh.us/wp/wps/myportal."  The header on Exhibit A reads, "Message

---

[2]  For ease of reference, we will hereinafter call the second page of Exhibit A merely "Exhibit A."

Details Page." The message contained in Exhibit A was sent by "UCTAX" to "Hason USA Corp" on February 14, 2015 at 3:27 a.m. In relevant part, the message reads, "Attached to this message is correspondence regarding your ODJFS Unemployment Compensation Tax account." (Ex. A.) ODJFS asserts that the attached correspondence the message references is the revised determination.[3]

{¶ 19} ODJFS presented no witness testimony to authenticate or explain the meaning of Exhibit A. Thus, we can only examine the text of Exhibit A itself to determine its significance. After reviewing that text, we conclude that Exhibit A is not an email, but a message that ODJFS posted to the "my portal" portion of its website. In Exhibit 1, ODJFS directed O'Keefe to "our website at https://unemployment.ohio.gov/*wp/wps/myportal*" to view a "new message from ODJFS." (Emphasis added.) Exhibit A is a printout of a webpage found at "http://eric-int.odjfs.oh.us/*wp/wps/myportal*." (Emphasis added.) Given the similarity in the two web addresses, we conclude that Exhibit A is the "new message from ODJFS" that O'Keefe would have seen had he logged into Hason's account on ODJFS' website.

{¶ 20} In short, Exhibit 1 is an email sent from ODJFS to Hason, while Exhibit A is a posting on ODJFS' website. Because Exhibit A was never mailed to Hason—either by ordinary mail or email—it cannot qualify as a "mailing" under R.C. 4141.26(D)(2).

{¶ 21} Having identified Exhibit 1 as the sole "mailing" to Hason, we must examine its content to determine whether it gave Hason notice of the revised determination. Notably, Exhibit 1 does not include the revised determination as an attachment, and it makes no mention of the rate revision. The email, instead, merely informs the recipient of a new message "regarding your ODJFS Unemployment Compensation Tax account." (Ex. 1.) We find this generic description insufficient to notify Hason of a revision to its unemployment contribution rate. Therefore, ODJFS' dispatch of the February 14, 2015 email does not constitute "the mailing of notice of the employer's rate or a revision of it."

{¶ 22} Because the February 14, 2015 email failed to accomplish "the mailing of notice of the employer's rate or a revision of it," the period in which Hason had to apply

---

[3] For this assertion, ODJFS cites the revised determination itself. However, nothing in the text of the revised determination indicates that it is an attachment to Exhibit A. Moreover, nothing in the text of Exhibit A describes the contents of the attached correspondence. ODJFS' evidence, therefore, does not prove ODJFS' assertion.

for reconsideration of the revised determination did not begin on February 14, 2015. That period began, instead, on April 23, 2013, the date on which ODJFS actually delivered to Hason a copy of the revised determination. Consequently, the application for reconsideration that Hason filed on May 13, 2015 was timely, and the director had jurisdiction to consider it.

{¶ 23} For the foregoing reasons, we sustain Hason's first assignment of error. Our resolution of the first assignment of error moots Hason's second assignment of error, and thus, we do not rule on it. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court so that it may reverse the commission's decision and order the director to consider the merits of Hason's application for reconsideration.

*Judgment reversed; cause remanded.*

BROWN and SADLER, JJ., concur.

_____