OPINION
{¶ 1} Appellant, Trans Rail America, Inc. ("Trans Rail"), appeals from an order of the Environmental Review Appeals Commission ("ERAC") dismissing its appeal against appellee, James J. Enyeart, M.D., Health Commissioner of the Trumbull County Health Department ("Commissioner"). For the following reasons, we reverse.
 {¶ 2} On May 21, 2004, Trans Rail applied to the Trumbull County Health Department ("Health Department") for a license to establish a construction and demolition *Page 2 
debris facility in Hubbard, Ohio.[1] In a July 16, 2004 letter, the Commissioner stated that the Health Department could not consider Trans Rail's application because it was incomplete. To assist Trans Rail in the application process, the Commissioner identified the parts of the application that did not comply with Ohio Adm. Code 3745-37-02(E), which enumerates the items that a construction and demolition debris facility license application must include.
 {¶ 3} Representatives of CT Consultants, Inc. ("CT Consultants"), an engineering firm that Trans Rail hired to oversee the application process, met with the Commissioner to discuss the application. On December 16, 2005, CT Consultants delivered to the Commissioner written responses and additional documents to resolve the deficiencies in Trans Rail's application. In a letter dated February 15, 2006, the Commissioner acknowledged receipt of the additional information, but he again found that the application was incomplete and refused to consider it. The Commissioner attached to the February 15, 2006 letter a report generated by Bennett Williams Environmental Consultants, Inc. ("Bennett Williams"), a firm that the Health Department hired to evaluate Trans Rail's application. The Commissioner directed Trans Rail to address those areas of the application that the report found were lacking the necessary information.
 {¶ 4} In two letters dated March 30, 2006, CT Consultants replied to the comments in Bennett Williams' report and submitted further information regarding the proposed construction and demolition debris facility. In a response letter dated May 31, *Page 3 
2006, the Commissioner concluded that Trans Rail's application still failed to comply with Ohio Adm. Code 3745-37-02(E), and he again deemed the application incomplete. The Commissioner attached to his letter a second report from Bennett Williams that characterized CT Consultants' March 30, 2006 replies as an inadequate answer to the concerns listed in the first report.
 {¶ 5} On June 30, 2006, Trans Rail filed an appeal before the ERAC asserting one assignment of error:
 The Health Department erred in determining that Trans Rail's [Construction Demolition and Debris] License Application was incomplete and could not be considered under the requirements of Ohio Administrative Code ("O.A.C.") Rule 3745-37-02(A)(2).
Trans Rail asked the ERAC to find that its application was complete and to order the Health Department to consider it. The Commissioner moved to dismiss Trans Rail's appeal for lack of subject matter jurisdiction. The Commissioner argued that the May 31, 2006 letter was not an appealable action under R.C. 3745.04, which delineates the scope of the ERAC's jurisdiction. The ERAC agreed with the Commissioner's argument, concluding that the May 31, 2006 letter was an intermediate step in the continuing application process (and not an appealable action). In reaching this conclusion, the ERAC evaluated the evidence and held that it was reasonable for the Commissioner to determine that Trans Rail's application was incomplete. Pursuant to its decision, the ERAC issued a final order dismissing Trans Rail's appeal on March 8, 2007.
 {¶ 6} Trans Rail now appeals from the March 8, 2007 final order and assigns the following errors:
 1. THE ENVIRONMENTAL REVIEW APPEALS COMMISSION ERRED IN FINDING THAT IT LACKED *Page 4 
SUBJECT MATTER JURISDICTION TO HEAR THE APPEAL ON THE GROUNDS THAT THE APPELLEE HEALTH DEPARTMENT'S DETERMINATION OF INCOMPLETENESS OF APPELLANT'S LICENSE APPLICATION WAS NOT A FINAL APPEALABLE ACT OR ACTION.
 2. THE ENVIRONMENTAL REVIEW APPEALS COMMISSION ERRED IN FINDING THE APPELLEE HEALTH DEPARTMENT'S DETERMINATION OF INCOMPLETENESS TO BE REASONABLE DESPITE THE COMMISSION'S FINDING THAT IT LACKED JURISDICTION TO HEAR THE APPEAL.
 {¶ 7} By its first assignment of error, Trans Rail argues that the ERAC erred in dismissing its appeal for lack of subject matter jurisdiction. We agree.
 {¶ 8} An administrative agency has only those powers that the General Assembly expressly confers upon it. Shell v. Ohio Veterinary Med.Licensing Bd., 105 Ohio St.3d 420, 2005-Ohio-2423, at ¶ 32; State exrel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental ProtectionAgency (2000), 88 Ohio St.3d 166, 171. When the General Assembly invests an administrative agency with the power to hear appeals, statutory language determines the parameters of the agency's jurisdiction.Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals (1988),40 Ohio St.3d 41, 43; Cordial v. Ohio Dept. of Rehab. Corr, Franklin App. No. 05AP-473, 2006-Ohio-2533, at ¶ 20. In interpreting a jurisdictional statute, courts cannot ignore portions of the statute, nor can they insert words or phases into the statute. State v. Craig,116 Ohio St.3d 135, 2007-Ohio-5752, at ¶ 14; Hall v. Banc One Mgt. Corp.,114 Ohio St.3d 484, 2007-Ohio-4640, at ¶ 24. Rather, where the statute is plain and unambiguous, courts are obligated to apply it as written. Davis v.Davis, 115 Ohio St.3d 180, 2007-Ohio-5049, at ¶ 15; Hubbell v.Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, at ¶ 11. *Page 5 
 {¶ 9} The parameters of the ERAC's jurisdiction are set forth in R.C.3745.04(B), which reads:
 Any person who was a party to a proceeding before the director of environmental protection may participate in an appeal to the environmental review appeals commission for an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act.
We have previously found that this provision allows the appeal of "actions" to the ERAC. Dayton Power and Light Co. v. Schregardus (1997),123 Ohio App.3d 476, 478. However, in addition to empowering the ERAC with the ability to review actions, the statute also authorizes the ERAC to order the performance of acts. Thus, the statute invests the ERAC with jurisdiction over two types of appeals: (1) an appeal from an "action" that the ERAC may vacate or modify, and (2) an appeal requesting that the ERAC order the performance of an "act." R.C.3745.04(A) defines "action" and "act" to include "the issuance, denial, modification, or revocation of a license, permit, lease, variance, or certificate."
 {¶ 10} In the case at bar, Trans Rail's appeal requests that the ERAC order the Health Department to either issue or deny it a license to establish a construction and demolition debris facility. R.C. 3745.04(B) grants the ERAC the power to order the Health Department to perform an "act," which includes the ability to order the issuance or denial of a license. Therefore, the ERAC has the authority to consider whether the application is complete and, if it is, to order the Health Department to issue or deny Trans Rail a license.
 {¶ 11} Our analysis does not require consideration of whether the Commissioner's May 31, 2006 letter constitutes a "final" action. The ERAC and, if necessary, this court *Page 6 
must determine whether an action is final only if the aggrieved party requests that the ERAC vacate or modify the action. See US TechnologyCorp. v. Korleski, Franklin App. No. 07AP-383, 2007-Ohio-5922. Because Trans Rail seeks an order requiring the performance of an act, i.e., the issuance or denial of a license, Trans Rail's appeal does not depend upon the finality of the May 31, 2006 letter.
 {¶ 12} Having concluded that the ERAC has jurisdiction over Trans Rail's appeal, we sustain Trans Rail's first assignment of error.
 {¶ 13} By Trans Rail's second assignment of error, it argues that the ERAC prematurely determined the merits of its appeal. We agree.
 {¶ 14} If neither the Director of the Ohio Environmental Protection Agency nor a board of health conducts an adjudicatory hearing, then the ERAC must conduct a hearing de novo on the appeal. R.C. 3745.05. In the case at bar, no hearing has ever occurred. Nevertheless, the ERAC ruled upon the merits of Trans Rail's appeal, holding that Trans Rail's application was incomplete. We conclude that the ERAC erred in making a substantive ruling without a hearing, and thus, we sustain Trans Rail's second assignment of error.
 {¶ 15} For the foregoing reasons, we sustain Trans Rail's first and second assignments of error. Further, we reverse the March 8, 2007 final order of the Environmental Review Appeals Commission, and we remand this matter to that commission for further proceedings in accordance with law and this opinion.
Order reversed and matter remanded.
TYACK, J., concurs. FRENCH, J., dissents.
[1] Former R.C. 3714.06(A) required applicants to submit their construction and demolition debris facility applications to the local board of health if that local board of health appeared on the "approved list." If it did not, then former R.C. 3714.06(A) directed applicants to apply to the Director of the Ohio Environmental Protection Agency. As the Health Department is on the "approved list," Trans Rail applied there. *Page 7