Lanzinger, J.,
dissenting.
(¶ 48} Does the Environmental Review Appeals Commission (“ERAC”) have jurisdiction over Trans Rail’s appeal? I would hold that it does.
{¶ 49} Appellee Trans Rail attempted to submit an application for a license for a facility for the disposal of construction and demolition debris in Trumbull County. The company argues that timing for a completed application was important because more stringent siting criteria were to take effect on July 1, 2005. It made a first submission to the health department in May 2004 but was told that the application was incomplete. Even though it submitted additional information in December 2005 and on March 30, 2006, its application was still deemed incomplete, meaning that by regulation, its application would not even be considered. Ohio Adm.Code 3745-37-02(A)(2). In other words, Trans Rail’s license would not be issued or denied.
{¶ 50} The majority accepts appellant’s argument that R.C. 3745.04 requires a final action of the director of environmental protection or a local board of health in order for ERAC to have jurisdiction over an appeal. Nevertheless, R.C. 3745.04(B) provides that a party may appeal to ERAC for “an order vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act.” (Emphasis added.)
*13 {¶ 51} “Act” or “action” is defined in R.C. 3745.04(A):
{¶ 52} “As used in this section, ‘action’ or ‘act’ includes the adoption, modification, or repeal of a rule or standard, the issuance, modification, or revocation of any lawful order other than an emergency order, and the issuance, denial, modification, or revocation of a license, permit, lease, variance, or certificate, or the approval or disapproval of plans and specifications pursuant to law or rules adopted thereunder.” (Emphasis added.)
{¶ 53} R.C. 3745.04 contains no provision that ERAC has jurisdiction over final actions only, but other provisions in R.C. Title 37 suggest that when a party is appealing an action of the director or local board to ERAC, that action must be a final one. See R.C. 3704.036(B)(3)(c) (when the director approves or disapproves an administrative Title V permit amendment, the director’s determination “is a final action appealable to the environmental review appeals commission under section 3745.04 of the Revised Code”) and 3734.05(I)(6) (the director’s approval or disapproval of a Class 1 modification application “is not a final action that is appealable under Chapter 3745. of the Revised Code,” but the director’s approval or disapproval of a Class 2 or Class 3 modification application “is a final action that is appealable under that chapter”).
{¶ 54} Even if actions of the director or local board must be final to be appealable, R.C. 3745.04 still allows a party to file an appeal requesting ERAC to order the director or board to perform an act. The plain language of the statute establishes two distinct ways in which a party may appeal to ERAC: a party may appeal for an order “vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act.” (Emphasis added.) R.C. 3745.04(B). As the court of appeals explained, “the statute invests the ERAC with jurisdiction over two types of appeals: (1) an appeal from an ‘action’ that the ERAC may vacate or modify, and (2) an appeal requesting that the ERAC order the performance of an ‘act.’ ” 2007-Ohio-7144, 2007 WL 4564303, ¶ 9.
{¶ 55} The majority, however, holds that ERAC’s ability to order the performance of an act is ancillary to its jurisdiction to review actions of the director or local board. In doing so, it adds words to the statute by requiring that before a party may seek an order that the department “perform an act,” there must first be “a final decision that substantially affects the applicant’s property or other legal rights.” Majority opinion at ¶ 1.
{¶ 56} To accomplish this result, the majority phrases the issue before us as “whether a license applicant may appeal a determination that the license application is incomplete.” Nevertheless, as the court of appeals noted, “Trans Rail’s appeal requests that the ERAC order the Health Department to either issue or deny it a license to establish a construction and demolition debris facility.” 2007- *14 Ohio-7144, 2007 WL 4564303, ¶ 10. Trans Rail, in effect, is asking ERAC for an order compelling the health board to act by either issuing or denying the license. Each of these two actions is listed in the statutory definition of “act,” which includes “issuance, denial, modification, or revocation of a license.” R.C. 3745.04(A). Trans Rail is not asking ERAC to review a final order. This is not a premature appeal- — it is an action seeking the second type of relief that ERAC is authorized to give: an order requiring Enyeart to grant or deny a license. The order itself, of course, is appealable according to the first type of jurisdiction provided for in R.C. 3745.04.
{¶ 57} In concluding that the second type of jurisdiction is ancillary to the first, the majority also fails to recognize the significance of the General Assembly’s use of the word “or” in establishing the two types of jurisdiction given to ERAC. By allowing for an appeal for an order “vacating or modifying the action of the director or a local board of health, or ordering the director or board of health to perform an act,” the statute is phrased in a way that clearly states that parties may base their appeals on either the first or second type of jurisdiction provided for in R.C. 3745.04. (Emphasis added.) This language indicates the General Assembly’s intention to give ERAC two coequal appellate powers. Therefore, the majority is mistaken in concluding that the second type of jurisdiction is ancillary to the first.
{¶ 58} In addition, by first requiring a final decision before a party may seek an order requiring the director or board to perform an act, the majority allows undue extension of the licensing process. A board of health or the director of environmental protection may continue to deem a license application incomplete and request additional information indefinitely. Indeed, in this case, Trans Rail alleges that it has repeatedly complied with the requirements for its license application, yet the director persists in stating that the application is incomplete and that no ruling may be made upon it. Unless “it is in some sense a final decision that substantially affects the appellant’s property or other legal rights,” majority opinion at ¶ 31, the licensing entity’s lack of decision will continue to evade appellate review under the majority’s reading of R.C. 3745.04(B).
{¶ 59} Because the requirement of final action is not set forth within R.C. 3745.04 as a prerequisite for ERAC’s jurisdiction in appeals requesting ERAC to order the director or board to act, I would not write it in. If the General Assembly wishes to limit the jurisdiction of ERAC in this second type of appeal, it may do so by amending the statute. I respectfully dissent and would affirm the judgment of the Tenth District Court of Appeals.
Pfeifer, J., concurs in the foregoing opinion.
*15 Morganstern, MacAdams & DeVito Co. and Michael A. Partlow, for appellee.
Ronald James Rice Co., L.P.A., and Robert C. Kokor, for appellant.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Kimberly A. Olson, Deputy Solicitor, and Sari L. Mandel, Assistant Attorney General, urging reversal for amicus curiae state of Ohio.
Ulmer & Berne, L.L.P., Robert J. Karl, and Sherry L. Hesselbein, urging reversal for amicus curiae Hubbard Environmental and Land Preservation.
Frost Brown Todd, L.L.C., and Christopher S. Habel, urging affirmance for amicus curiae National Solid Waste Management Association.
Walter & Haverfield, L.L.P., Michael A. Cyphert, and Michael Schmeltzer, urging affirmance for amicus curiae Construction and Demolition Association of Ohio, Inc.