[Cite as *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 2012-Ohio-4602.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98115**

## CLEVELAND CLINIC FOUNDATION, ET AL.

PLAINTIFFS-APPELLEES

vs.

## BOARD OF ZONING APPEALS, CITY OF CLEVELAND

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749791

**BEFORE:** Rocco, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry, Interim Director of Law
Carolyn M. Downey, Assistant Law Director
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

Sheldon Berns
Timothy J. Duff
Gary F. Werner
Berns, Ockner & Greenberger
3733 Park East Drive
Suite 200
Beachwood, OH 44122

David Sherriff
The Cleveland Clinic Foundation
3050 Science Park Drive AC/321
Beachwood, OH 44122

KENNETH A. ROCCO, J.:

{¶1} In this administrative appeal involving Cleveland's Zoning Code and a proposed helipad, the defendant-appellant Board of Zoning Appeals, City of Cleveland ("BZA") appeals the trial court's final judgment in favor of plaintiff-appellee Cleveland Clinic Foundation ("Clinic"). We conclude that the trial court abused its discretion in reversing the BZA's decision, and so we reverse the trial court's final judgment.

{¶2} On October 26, 2010, the Clinic filed an application with the City of Cleveland's Department of Building and Housing ("City") for the property located at 18101 Lorain Avenue. The property is owned by the Clinic and is known as Fairview Hospital ("Fairview"). Fairview is located on the west side of Cleveland in the Kamm's Corners neighborhood. The application sought approval for three proposed construction projects, one of which was to build a helipad on the roof of a two-story building.[1]

{¶3} On November 10, 2010, the City's Zoning Administrator denied the Clinic's application and determined that Fairview is located in a Local Retail Business District, and that under the City's zoning code, the proposed helipad was a prohibited use for a Local Retail Business District.

---

[1]The other proposed projects were the construction of a two-story addition to an existing building, and the removal and reconstruction of a new parking lot with new landscaping. The Zoning Administrator denied the Clinic's application for these projects as well, but the Clinic was able to obtain variances from the BZA. On appeal, the parties only contest the legality of the proposed helipad construction project.

**{¶4}** The Clinic appealed to the BZA arguing that the helipad was a permitted accessory use in a Local Retail Business District. On January 31, 2011, the BZA conducted a hearing and determined that a helipad was not a permitted accessory use in a Local Retail Business District. Accordingly, the BZA held that the Zoning Administrator was not arbitrary, capricious, or unreasonable in denying the application to construct the helipad. The BZA memorialized its decision in a Resolution dated February 7, 2011 ("BZA Resolution").

**{¶5}** The Clinic filed an administrative appeal in the court of common pleas. In a Journal Entry and Opinion ("J.E.") the court reversed the BZA's decision and concluded that a helipad was a permitted accessory use in a Local Retail Business District. The BZA filed a notice of appeal and set forth four assignments of error for our review:

> **I. The Common Pleas Court erred when it determined that the standard of review for an appeal of an administrative body's decision is abuse of discretion.**
>
> **II. The Common Pleas Court abused its discretion by substituting its judgment for that of the administrative agency, the Board of Zoning Appeals.**
>
> **III. The Common Pleas Court abused its discretion where the court exceeded its review authority by making a judicial finding that a helipad was a permitted accessory use in a Local Retail Business District.**
>
> **IV. The Common Pleas Court abused its discretion when it usurped the authority of the City of Cleveland's legislature to determine and balance the zoning needs of its community in relation to public health, morals, welfare or public safety when it made a judicial finding that a helipad was a permitted accessory use in a Local Retail Business District contrary to the City of Cleveland Zoning Codes.**

**{¶6}** We conclude that the trial court abused its discretion in reversing the BZA's Resolution, because the zoning ordinance was ambiguous and the trial court was required to defer to the BZA's reasonable interpretation of the ordinance. Accordingly, we reverse the trial court's final judgment.

**{¶7}** All four assignments of error are considered together, as the analysis involved is interrelated.

*A. Standards of Review*

**{¶8}** R.C. 2506.01 provides that an appeal from an order from any board of a political subdivision is made to the court of common pleas. In reviewing an appeal of an administrative decision, "the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

**{¶9}** A trial court should not overrule an agency decision when it is supported by a preponderance of reliable and substantial evidence. *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). The court cannot blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. *Id.*

**{¶10}** Our review in an R.C. 2506.04 appeal is "'more limited in scope.'" *Cleveland Parking Violations Bur. v. Barnes*, 8th Dist. No. 94502, 2010-Ohio-6164, ¶ 7, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). We "'review

the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" *Id.*, quoting, *Kisil* at fn. 4. Our review is constrained, therefore, to determining whether "the lower court abused its discretion in finding that the administrative order was [not] supported by reliable, probative, and substantial evidence." *Id.*, citing *Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75 (8th Dist.).

{¶11} When an agency is charged with the task of interpreting its own statute, courts must give due deference to those interpretations, as the agency has "'accumulated substantial expertise'" and has been "'delegated [with] enforcement responsibility.'" *Luscre-Miles v. Ohio Dept. of Edn.*, No. 2008-P-0048, 2008-Ohio-6781, ¶ 24, quoting *Shell v. Ohio Veterinary Med. Licensing Bd.*, 105 Ohio St.3d 420, 2005-Ohio-2423, 827 N.E.2d 766, ¶ 34. The United States Supreme Court has held that "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The statute is ambiguous if the language is susceptible to more than one reasonable interpretation. *Cleveland Parking Violations Bur.*, 2010-Ohio-6164, ¶ 20. In contrast, if the statute's language is plain and unambiguous, the agency or court should not apply rules of statutory interpretation. *Id.* at ¶ 19.

**{¶12}** Applying these standards to the instant case, if the ordinance at issue is ambiguous, the trial court was required, as a matter of law, to give due deference to the BZA's determination of whether a helipad was a permissible accessory use. In reversing the BZA's determination, the trial court determined that the ordinance was unambiguous and that under the plain meaning of the ordinance, a helipad was a permissible accessory use under the ordinance. We disagree, as the ordinance is susceptible to more than one meaning, and is, therefore, ambiguous. The trial court was required to defer to the BZA's reasonable interpretation; because the trial court did not give proper deference, it abused its discretion. In order to make clear the ambiguity, we separately discuss the competing statutory interpretations.

## B. Competing Statutory Interpretations

**{¶13}** Fairview is located in an area zoned as a Local Retail Business District. Under the Cleveland Codified Ordinances ("C.C.O."), a Local Retail Business District is defined as "a business district in which such uses are permitted as are normally required for the daily local retail business needs *of the residents of the locality only*." C.C.O. 343.01(a) (emphasis added.)

### 1. Trial Court/Clinic's Interpretation

**{¶14}** Under C.C.O. 343.01(b)(1), "all uses permitted in the Multi-Family District and as regulated in that District" are permitted uses in the Local Retail Business District. Under C.C.O. 337.08, hospitals are included in the list of permitted uses in a Multi-Family District, as are "[a]ccessory uses permitted in a Multi-Family District."

C.C.O. 337.08(e)(5), (f). Permissible accessory uses for a hospital are those "use[s] customarily incident to a use authorized in a Residence District except that no use prohibited in a Local Retail Business District shall be permitted as an accessory use." C.C.O. 337.23(a)(10).

{¶15} The trial court determined that there was no statutory ambiguity; it could resolve the conflict between the parties through a "plain reading of the Code itself, and [by] following the exact language of the Code." J.E. at 5. Relying on C.C.O. 343.01(b)(1), the trial court determined that because a hospital is a permitted use in a Multi-Family District, then it is also a permitted use in a Local Retail Business District. The court then determined (and the Clinic agrees) that a helipad is "customarily incident to" a hospital, and that, therefore, a helipad is a permitted accessory use in a Local Retail Business District.

### 2. BZA/City's Interpretation

{¶16} In contrast, the BZA relied on C.C.O. 343.01(b)(8) and upheld the Zoning Administrator's determination that a helipad is prohibited in a Local Retail Business District. C.C.O. 343.01(b)(2) sets forth various uses that qualify as retail business for local or neighborhood needs in a Local Retail Business District. These uses include a variety of retail establishments, eating establishments, service establishments, business offices, automotive services, parking garages, charitable institutions, and signs. Accessory uses are also permitted under C.C.O. 343.01(b)(8), but "only to the extent

necessary normally accessory to the limited types of neighborhood service use permitted under this division." C.C.O. 343.01(b)(8).

{¶17} Relying on C.C.O. 343(b)(8).01, the BZA found that under the zoning statute, a helipad was not a permissible accessory in a Local Retail Business District. Specifically, the BZA determined that the evidence set forth that a helipad was not "normally required for the daily local retail business needs of the resident locality only," and so a helipad was not "an accessory use as of right in a Local Retail Business District."[2] BZA Resolution.


## C. The Ordinance is Ambiguous

{¶18} These two reasonable and, yet, different statutory positions taken by the BZA and the trial court make clear that the ordinance is susceptible to more than one interpretation and is, therefore, ambiguous. In fact, the trial court's journal entry and opinion highlights the ambiguity.

{¶19} The opinion refers to the City's argument that C.C.O. 343.01(b)(8) applies, and that accessory uses are authorized "only to the extent necessary normally accessory to the limited types of neighborhood service use permitted under this division." Without explanation, the trial court dismissed this interpretation, stating that "[d]espite this argument, it is clear from a plain reading of the Code that it allows: (1) all building and

---

[2]It bears repeating here that a Local Retail Business District is defined as "a business district in which such uses are permitted as are normally required for the daily local retail business needs *of the residents of the locality only*." C.C.O. 343.01(a) (Emphasis added.)

uses in a 'Multi-Family' District as permitted in a 'Local Retail Business District;' and (2) the addition of a helipad is classified as an accessory use * * *." J.E. at 5. The trial court concludes that the answer is "clear," and proceeds to apply C.C.O. 343.01(b)(1), but it fails to explain how the BZA's determination, that C.C.O. 343.01(b)(8) applies, is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

**{¶20}** Because the ordinance is ambiguous, the trial court was required, as a matter of law, to give due deference to the BZA's interpretation of the ordinance. The trial court failed to do so, and so it abused its discretion in reversing the BZA's decision.[3]

**{¶21}** The trial court's order is reversed. On remand, the trial court is ordered to reinstate the BZA's Resolution.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[3]The Clinic is free to petition the Cleveland City Council to amend the zoning code if it wants to continue to pursue the helipad project. The legislative branch is in the best position to weigh the competing interests at stake in drafting zoning laws for the city.

KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, J., CONCURS;
MARY J. BOYLE, P.J., CONCURS IN
JUDGMENT ONLY