[Cite as *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 2012-Ohio-6008.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98115**

---

## CLEVELAND CLINIC FOUNDATION, ET AL.

PLAINTIFFS-APPELLEES

vs.

## BOARD OF ZONING APPEALS, CITY OF CLEVELAND

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-749791

**BEFORE:** Rocco, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 20, 2012

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry, Interim Director of Law
Carolyn M. Downey, Assistant Law Director
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEES**

Sheldon Berns
Timothy J. Duff
Gary F. Werner
Berns, Ockner & Greenberger
3733 Park East Drive
Suite 200
Beachwood, OH 44122

David Sherriff
The Cleveland Clinic Foundation
3050 Science Park Drive AC/321
Beachwood, OH 44122

ON RECONSIDERATION[1]

KENNETH A. ROCCO, J.:

{¶1} Pursuant to App.R. 26(A)(1)(a), appellee, Cleveland Clinic Foundation ("the Clinic"), has filed an application for reconsideration of this court's decision in *Cleveland Clinic Found. v. Bd. of Zoning Appeals, City of Cleveland*, 8th Dist. No. 12 CA 98115, 2012-Ohio-4602. The Board of Zoning Appeals, City of Cleveland ("BZA") has filed a memorandum in opposition to the Clinic's application.

{¶2} Under App.R. 26(A)(1)(a), the general test for whether to grant a motion for reconsideration "'is whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been.'" *State v. Dunbar*, 8th Dist. No. 87317, 2007-Ohio-3261, ¶ 182, quoting *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist. 1982).

{¶3} Although we grant the Clinic's motion for reconsideration, upon reconsideration, our decision to reverse the trial court's final judgment remains unchanged. We take this opportunity to further explain a number of points made in our earlier decision. Accordingly, for clarification purposes we have made some

---

[1]The original decision in this appeal, *Cleveland Clinic Found. v. Bd. of Zoning Appeals, City of Cleveland*, 8th Dist. No. 98115, 2012-Ohio-4602, released October 4, 2012, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R.22(c); *see also* S.Ct.Prac.R. 2.2(A)(1).

modifications to our earlier opinion. We vacate the earlier opinion, and issue this opinion in its place.

**{¶4}** In this administrative appeal involving Cleveland's Zoning Code and a proposed helipad, the defendant-appellant BZA appeals the trial court's final judgment in favor of plaintiff-appellee the Clinic. We conclude that the trial court abused its discretion in reversing the BZA's decision, and so we reverse the trial court's final judgment.

**{¶5}** On October 26, 2010, the Clinic filed an application with the City of Cleveland's Department of Building and Housing ("City") for the property located at 18101 Lorain Avenue. The property is owned by the Clinic and is known as Fairview Hospital ("Fairview"). Fairview is located on the west side of Cleveland in the Kamm's Corners neighborhood. The application sought approval for three proposed construction projects, one of which was to build a helipad on the roof of a two-story building.[2]

**{¶6}** On November 10, 2010, the City's Zoning Administrator denied the Clinic's application, determining that Fairview is located in a Local Retail Business District, and that under the City's zoning code, the proposed helipad was a prohibited use for a Local Retail Business District.

---

[2]The other proposed projects were the construction of a two-story addition to an existing building, and the removal and reconstruction of a new parking lot with new landscaping. The Zoning Administrator denied the Clinic's application for these projects as well, but the Clinic was able to obtain variances from the BZA. On appeal, the parties only contest the legality of the proposed helipad construction project.

**{¶7}** The Clinic appealed to the BZA arguing that the helipad was a permitted accessory use in a Local Retail Business District. On January 31, 2011, the BZA conducted a hearing and determined that a helipad was not a permitted accessory use in a Local Retail Business District. Accordingly, the BZA held that the Zoning Administrator was not arbitrary, capricious, or unreasonable in denying the application to construct the helipad. The BZA memorialized its decision in a Resolution dated February 7, 2011 ("BZA Resolution").

**{¶8}** The Clinic filed an administrative appeal in the court of common pleas. In a Journal Entry and Opinion ("J.E.") the court reversed the BZA's decision and concluded that a helipad was a permitted accessory use in a Local Retail Business District. The BZA filed a notice of appeal and set forth four assignments of error for our review:

> **I. The Common Pleas Court erred when it determined that the standard of review for an appeal of an administrative body's decision is abuse of discretion.**
>
> **II. The Common Pleas Court abused its discretion by substituting its judgment for that of the administrative agency, the Board of Zoning Appeals.**
>
> **III. The Common Pleas Court abused its discretion where the court exceeded its review authority by making a judicial finding that a helipad was a permitted accessory use in a Local Retail Business District.**
>
> **IV. The Common Pleas Court abused its discretion when it usurped the authority of the City of Cleveland's legislature to determine and balance the zoning needs of its community in relation to public health, morals, welfare or public safety when it made a judicial finding that a helipad was a permitted accessory use in a Local Retail Business District contrary to the City of Cleveland Zoning Codes.**

{¶9} We conclude that the trial court abused its discretion in reversing the BZA's Resolution and we reverse the trial court's final judgment. All four assignments of error are considered together, as the analysis involved is interrelated.

{¶10} R.C. 2506.01 provides that an appeal from an order from any board of a political subdivision is made to the court of common pleas. In reviewing an appeal of an administrative decision, the decision should stand unless "the court find[s] that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."[3]   R.C. 2506.04.

{¶11} A trial court should not overrule an agency decision when it is supported by a preponderance of reliable and substantial evidence. *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). The court cannot blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. *Id.*

{¶12} Our review in an R.C. 2506.04 appeal is "'more limited in scope.'" *Cleveland Parking Violations Bur. v. Barnes*, 8th Dist. No. 94502, 2010-Ohio-6164, ¶ 7, quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). We "'review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh "the preponderance of substantial, reliable and

---

[3]The trial court's order mistakenly stated that it was to review the BZA decision for an abuse of discretion.

probative evidence," as is granted to the common pleas court.'" *Id.*, quoting, *Kisil* at fn. 4. Our review is constrained, therefore, to determining whether "the lower court abused its discretion in finding that the administrative order was [not] supported by reliable, probative, and substantial evidence." *Id.*, citing *Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75 (8th Dist.).

{¶13} In reversing the BZA, the trial court determined that the ordinance was unambiguous and that under the plain meaning of the ordinance, a helipad was a permissible accessory use. We disagree. The BZA reasonably interpreted the ordinance, and its decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

{¶14} Fairview is located in an area zoned as a Local Retail Business District. Under the Cleveland Codified Ordinances ("C.C.O."), a Local Retail Business District is defined as "a business district in which such uses are permitted as are normally required for the daily local retail business needs *of the residents of the locality only*." C.C.O. 343.01(a) (emphasis added). Under C.C.O. 343.01(b)(1), "[e]xcept as otherwise provided in this Zoning Code, all uses permitted in the Multi-Family District and as regulated in that District" are permitted uses in the Local Retail Business District. Under C.C.O. 337.08, hospitals are included in the list of permitted uses in a Multi-Family District, as are "[a]ccessory uses permitted in a Multi-Family District." C.C.O. 337.08(e)(5), (f).

{¶15} Because hospitals are expressly permitted in a Multi-Family District, they are also permitted in a Local Retail Business District. Helipads are not expressly permitted in a Multi-Family District, so a helipad is permissible only if it is an accessory use permitted in a Multi-Family District.

{¶16} Permissible accessory uses are those "use[s] customarily incident to a use authorized in a Residence District except that no use prohibited in a Local Retail Business District shall be permitted as an accessory use." C.C.O. 337.23(a)(9).

{¶17} Accordingly, for a helipad to qualify as a permissible accessory use, a helipad must be customarily incident to a hospital and it must be found that a helipad is not a prohibited use in a Local Retail Business District. Under C.C.O. 343.01(b)(8), accessory uses are permitted "only to the extent necessary normally accessory to the limited types of neighborhood service use permitted under this division." C.C.O. 343.01(b)(8).

{¶18} Relying on C.C.O. 343.01(b)(8), the BZA reasonably found that under the zoning statute, a helipad was not a permissible accessory use in a Local Retail Business District, "because those uses that the Zoning Code characterizes as retail businesses for local or neighborhood needs would not involve a heliport as normally required for the daily local retail business needs of the residents of the locality * * *." BZA Resolution.

{¶19} In reversing the BZA decision, the trial court determined that there was no statutory ambiguity; it could resolve the conflict between the parties through a "plain reading of the Code itself, and [by] following the exact language of the Code." J.E. at 5.

Relying on C.C.O. 343.01(b)(1), the trial court determined that because a hospital is a permitted use in a Multi-Family District, then it is also a permitted use in a Local Retail Business District.   Without citing to any record evidence, the court then concluded that a helipad is "customarily incident to" a hospital, and that, therefore, a helipad is a permitted accessory use in a Local Retail Business District.

{¶20} The trial court does not explain why the BZA's reliance on  C.C.O. 343.01(b)(8) was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.   The trial court simply dismissed the BZA's reliance on this provision and stated that "[d]espite this argument, it is clear from a plain reading of the Code that it allows: (1) all buildings and uses in a 'Multi-Family' District as permitted in a 'Local Retail Business District;' and (2) the addition of a helipad is classified as an accessory use * * *."   J.E. at 5.   The trial court concludes that the answer is "clear," and proceeds to apply C.C.O. 343.01(b)(1), but it fails to explain how the BZA erred in applying and relying on C.C.O. 343.01(b)(8).   Furthermore, to the extent that C.C.O. 343.01(b)(1) does apply, the trial court does not point to any record evidence to support it's conclusion that a helipad is "customarily incident to" a hospital.

{¶21} When an agency is charged with the task of interpreting its own statute, courts must give due deference to those interpretations, as the agency has "'accumulated substantial expertise'" and has been "'delegated [with] enforcement responsibility.'" *Luscre-Miles v. Ohio Dept. of Edn.*, 11th Dist. No. 2008-P-0048, 2008-Ohio-6781, ¶ 24,

quoting *Shell v. Ohio Veterinary Med. Licensing Bd.*, 105 Ohio St.3d 420, 2005-Ohio-2423, 827 N.E.2d 766, ¶ 34. The United States Supreme Court has held that "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The statute is ambiguous if the language is susceptible to more than one reasonable interpretation. *Cleveland Parking Violations Bur.*, 2010-Ohio-6164, ¶ 20. In contrast, if the statute's language is plain and unambiguous, the agency or court should not apply rules of statutory interpretation. *Id.* at ¶ 19.

{¶22} In cases where a particular word in a zoning ordinance is ambiguous, we have determined that the meaning of the word should be construed in favor of the landowner. *See, e.g., Oakwood v. Clark Oil & Refining Corp.*, 8th Dist. No. 53419, 1988 WL 18779 (Feb. 18, 1988) (construing "financial office" in favor of landowner). But in this case, the issue is which provision of the zoning code was applicable. Where the BZA reasonably relies on a code provision, its determination should hold so long as its decision is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

{¶23} As discussed above, the BZA reasonably relied on C.C.O. 343.01(b)(8) and the evidence in the record. The BZA concluded that a helipad was not "normally

required for the daily local retail business needs of the resident locality only," and that, therefore, a helipad was not "an accessory use as of right in a Local Retail Business District." BZA Resolution. The trial court abused its discretion in determining that the administrative order was not supported by reliable, probative, and substantial evidence.

{¶24} The trial court's order is reversed. On remand, the trial court is ordered to reinstate the BZA's Resolution.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS
(See attached opinion)

MARY J. BOYLE, P.J., DISSENTING:

{¶25} I respectfully dissent. I would grant the Clinic's motion for reconsideration and affirm the trial court.

{¶26} In this court's original decision, released on October 4, 2012, we reversed the trial court, which had reversed the Board of Zoning Appeals' resolution because we

determined that "the zoning ordinance was ambiguous and the trial court was required to defer to the BZA's reasonable interpretation of the ordinance."

**{¶27}** In its motion for reconsideration, the Clinic argues that the opinion contained an obvious error because under long-standing Ohio law, when a zoning provision is ambiguous, courts must strictly construe it in favor of the property owner. The Clinic cites to *Saunders v. Clark Cty. Zoning Dept.*, 66 Ohio St.2d 259, 261, 421 N.E.2d 152 (1981), which held:

> All zoning decisions, whether on an administrative or judicial level, should be based on the following elementary principles which underlie real property law. Zoning resolutions are in derogation of the common law and deprive a property owner of certain uses of his land to which he would otherwise be lawfully entitled. Therefore, such resolutions are ordinarily construed in favor of the property owner. Restrictions on the use of real property by ordinance, resolution or statute must be strictly construed, and the scope of the restrictions cannot be extended to include limitations not clearly prescribed.

(Internal citations omitted.)

**{¶28}** The majority recognizes the long-standing precedent that ambiguous zoning ordinances should be construed in favor of the property owner, but then distinguishes this case by stating that here, "the issue is which provision of the zoning code was applicable." I disagree. As we stated in our October 4, 2012 opinion, "[t]hese two reasonable and, yet, different statutory positions taken by the BZA and the trial court make clear that the ordinance is susceptible to more than one interpretation and is therefore, ambiguous."

**{¶29}** Therefore, in light of the Clinic's motion and upon further reflection, I would affirm the trial court's judgment reversing the BZA's resolution because it is my view that this court must strictly construe the ambiguous zoning ordinances in favor of the property owner — the Clinic.